240 So.2d 332 (1970)
STATE of Florida, Appellant,
v.
Thomas John DOHERTY and Harry Sumner Wimberly, Appellees.
No. 70-683.
District Court of Appeal of Florida, Fourth District.
October 28, 1970.
*333 Earl Faircloth, Atty. Gen., Tallahassee, Marvin U. Mounts, Jr., County Sol., and Thomas L. Brown, Asst. County Sol., West Palm Beach, for appellant.
J. Brian Brennan, Foley & Brennan, West Palm Beach, for appellees.
REED, Judge.
The state filed in the Palm Beach County Criminal Court of Record an information against defendants, Thomas John Doherty and Harry Sumner Wimberly, which charged Doherty with the possession of marijuana and Wimberly with the possession of hashish and librium. Each defendant filed a timely motion to suppress the tangible evidence taken from his person at the time of the arrest on 26 January 1970 for the crimes charged in the information. The trial court after an evidentiary hearing entered an order on 28 July 1970 granting the motions. The state appealed from that order.
The issue is whether or not the trial court erred in granting the motions to suppress, but the underlying question is whether or not the arrest of the defendants without a warrant was based on probable cause as required by F.S. 1969, section 901.15(3), F.S.A. If so, it follows that the search of the defendants at the time of the arrest was a lawful incident to the arrest and not violative of their rights under the Fourth Amendment to the United States Constitution and Section 12, Declaration of Rights, Florida Constitution, F.S.A., as revised.
In the order on appeal the trial court found that the arrest of the two defendants was not based on probable cause and, therefore, the items taken from their persons were secured by an unconstitutional search; however, the court also found that the testimony presented by the State in support of the arrest was truthful. We, therefore, have no problems of credibility.
These are the facts leading up to the arrest. Officer Edward Hillery of the Palm Beach County Sheriff's Department, a trained narcotics agent, received a telephone call from an informant at about 5:00 p.m. on 26 January 1970. The informant previously had given information to Officer Hillery on a number of occasions. Such information had been used by the officer approximately eight times and had led to three valid arrests. On the present occasion, the informant advised Officer Hillery that defendant Doherty would meet the informant at the Palm Beach County fair grounds at 8:00 p.m. that evening and would be in the possession of narcotics. The informant gave a description of Doherty the nature of which is not clear from the record; however, it appears that Officer Hillery already knew Doherty and attached *334 no significance to the physical description. The informant also told the officer that Doherty would be accompanied by a friend, but apparently did not describe the friend by name, sex, or appearance. Officer Hillery testified that the informant advised him how he (the informant) came by his information, but Officer Hillery did not reveal this apparently out of concern for the informant. Upon receipt of this information, Officer Hillery instructed the informant to ascertain whether or not Doherty had drugs in his possession at the fair grounds and, if such proved to be the case, to give a signal. Thereafter, Officer Hillery and other officers positioned themselves at the midway on the fair grounds to watch for Doherty and the informant. At the appointed time, the officer spotted the informant, Doherty, and Doherty's friend who turned out to be the defendant Wimberly. The informant gave the prearranged signal to Officer Hillery and, after a minute or two, Officer Hillery and his fellow officers arrested both Doherty and Wimberly. The incidental search of the two persons revealed what was thought to be hashish on Wimberly and marijuana on Doherty.
The basic principle which must guide us in resolving the issue in this case is that probable cause to arrest without a warrant exists when a reasonable man with the specialized training of a police officer and knowledge of the facts possessed prior to the arrest by the officers involved in the arrest would have come to the conclusion that the person to be arrested is committing or has committed a felony. See State v. Profera, Fourth District Court of Appeal, 239 So.2d 867, opinion filed October 9, 1970. The problem is how to apply that principle to the present fact situation in which a warrantless arrest is made by officers who base their conclusion as to probable cause largely on information given by an informant. The defendants suggest that because the method by which the informant reached his conclusion (apparently as to the criminal activities of Doherty) was not disclosed by the state's evidence probable cause was not shown. Appellees rely on Spinelli v. United States, 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.
The appellees' position is incorrect for two reasons. First, the existence of probable cause is a factual determination which cannot be turned on the presence or absence of any one particular fact. Probable cause must be evaluated on the basis of all information available to the police prior to the arrest. Smith v. United States, 1966, 123 U.S.App.D.C. 202, 358 F.2d 833 (cert. den. 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448). Secondly, the effect of the Spinelli decision is not as contended by the appellees.
Spinelli v. United States dealt with the validity of a search warrant issued by a magistrate on the basis of an affidavit submitted by a peace officer. The factual information in the affidavit offered to show probable cause was hearsay gathered by the affiant from an informant. The Court held that the affidavit was insufficient to show probable cause for the issuance of a search warrant because (a) it contained no facts to support the affiant's belief that the informant was reliable, and (b) provided no basis from which the magistrate could determine that the informant's information was reliable. With respect to the latter deficiency, the Court neither said nor suggested that the manner in which the informant gathered his information must be revealed as a condition precedent to a finding of probable cause. The Court stated that the report of an informant itself, if given in sufficient detail, could create an inference that the informant gained his information in a reliable way. In doing so, the Court relied on Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. In view of this reference to the Draper decision, we are satisfied that the Spinelli opinion has not eliminated Draper as a precedent.
In Draper v. United States, supra, one Hereford, an informer of proven accuracy, advised a federal narcotics agent that the defendant had gone to Chicago and would *335 return by train on the 8th or 9th of September, 1956, with three ounces of heroin. The informer described the defendant physically and said that he would be carrying a tan zipper bag. The defendant arrived from Chicago by train on the 9th of September carrying the bag and otherwise conforming to the physical description given by the informant. Defendant was arrested by the narcotics agent who discovered the defendant clutching two envelopes of heroin and found a syringe in the tan zipper bag. Neither the method by which the informant secured his intelligence nor reached his conclusion as to suspect's criminal activities was disclosed by the informant to the arresting officer. Nevertheless, the Court held that the information supplied by the informant was sufficient to constitute probable cause to arrest the defendant where all of the information given except the fact of narcotics possession was verified by the arresting officer prior to the arrest.
The significance of the Spinelli decision, when veiwed against the backdrop of the Draper opinion, to a fact situation such as we have in the present case is simply this. Where an officer makes an arrest without a warrant and probable cause for the arrest is in large part based on an informant's tip, there should be present in the circumstances preceding the arrest facts which give rise to a reasonable inference: (a) that the informant is reliable, and (b) that his information with respect to the defendant's criminal activity is likewise reliable. This latter element may appear from the detail of the report itself, including its inherent reasonableness, and the eventuation of the predictions in the report, such as those relating to time, place, personal descriptions, and so forth  even though the method by which the informant gathered his information and reached his conclusion is not revealed to the officer or officers involved. Compare United States v. Acosta, 5 Cir.1969, 411 F.2d 627.
Applying these principles to the facts of our case, it appears that the arresting officer had ample ground to believe that the informant was reliable by reason of the officer's past experience with the informant. With respect to the reliability of the information which was used as a basis for the arrest, the information given as to Doherty was given in sufficient detail and was sufficiently verified by the personal observations of the arresting officer as to create a reasonable inference that it was reliable. We conclude that facts given by the informant when corroborated by the observations of the arresting officer and considered against the background of the arresting officer's prior knowledge of Doherty and the informant, certainly would have led a man of reasonable caution to the belief that probable cause existed for the arrest of Doherty. We, therefore, hold that Doherty's arrest and the incidental search were valid; consequently, Doherty's motion to suppress should have been denied.
We are unable to reach the same conclusion as to defendant Wimberly. With respect to Wimberly, the informant simply advised that he would accompany Doherty to the fair ground.[1] The informant did not describe Wimberly to the arresting officer by name or physical characteristics. The arresting officer had never seen Wimberly before the arrest and, inferentially had no personal knowledge of him. The arresting officer's instruction to the informant, as reflected by the officer's testimony at the hearing, was to signal when the informant *336 ascertained that Doherty had drugs in his possession. Nothing was said about a similar determination as to Wimberly. In short, the maximum knowledge possessed about Wimberly at the time of his arrest was that he was a friend of Doherty who had accompanied Doherty to the fair grounds. We conclude that this was insufficient to constitute probable cause to arrest Wimberly and affirm the order on appeal to the extent it grants Wimberly's motion to suppress.
Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent herewith.
WALDEN and McCAIN, JJ., concur.
NOTES
[1] The statement of facts in the state's brief says: "The informant stated that appellee Thomas John Doherty and a friend would be at the fair grounds at 8:00 p.m. in the evening * * * and they would be in possession of narcotics * *." (Emphasis added.) We have read the transcript in its entirety and studied particularly those portions of the transcript cited by the state in support of the foregoing sentence. We are unable to find therein any testimony to the effect that the informant in any way indicated that Wimberly would be at the fair grounds in possession of narcotics. Remarkably, the brief of the appellees accepts in its entirety the statement of facts provided by the State.