HENDRY, Judge.
Appellants were charged by information with one count of possession of a stolen motor vehicle and one count of buying, receiving and concealing stolen property. They pleaded not guilty to both counts, waived jury and were tried and convicted of both charges in the Criminal Court of Record for Dade County, Florida. The court imposed one sentence on each defendant for both offenses: appellant Mendez was sentenced to three years in the State Penitentiary and appellant Alvarez was sentenced to one year in the County Jail.
On appeal appellants are contending, among other things, that the court erred in convicting them of the charges under both counts of the information. They contend that both felonies prescribed in §§ 811.16 and 814.03(2), Fla.Stat, F.S.A., are so related that conviction under both statutes amounts to two convictions for only one crime.
 Since the sentence imposed upon each appellant was less than each could have received for either felony, we are not concerned with the propriety of the sentences, as was the case in Yost v. State, Fla.App.1971, 243 So.2d 469, wherein we held that if an information charges two crimes, but each is a facet or phase of the same criminal transaction, only one sentence could be imposed; and that sentence should be for the highest offense charged. However, we do note that in the Yost case, and in others dealing wtih the same point of law, the courts have uniformly upheld the separate convictions for crimes arising *527 out of the same criminal transaction, even while finding the sentences rendered thereon to be illegal. See also, Caivano v. State, Fla.App.1973, 276 So.2d 245; Gonzalez v. State, Fla.App.1972, 268 So.2d 552; Hunt v. State, Fla.App.1972, 264 So.2d 855; Carr v. State, Fla.App.1972, 264 So.2d 871.
 Moreover, although we recognize that the offenses prescribed in §§ 814.03(2) and 811.16, Fla.Stat., F.S.A., are related, it is generally held that where two separate statues are violated two separate and distinct crimes have occurred. See, Steele v. Mayo, Fla.1954, 72 So.2d 386; Kish v. State, Fla.App.1967, 198 So.2d 639; Turner v. State, Fla.App.1972, 267 So.2d 882; Cooper v. State, Fla.App.1972, 261 So.2d 859.
We are, therefore, of the view that the trial court did not err in finding appellants guilty on both counts of the information and imposing one sentence upon each of them.
We have considered all other points on appeal and have concluded that no reversible error has been made to appear. Therefore, the judgments and sentences appealed from are hereby affirmed.
Affirmed.