286 So.2d 36 (1973)
The STATE of Florida, Appellant,
v.
Michael MULLIN, Appellee.
No. 73-1054.
District Court of Appeal of Florida, Third District.
November 27, 1973.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State's Atty., and Joseph Durant, Asst. State's Atty., for appellant.
Gerald Kogan, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
In this criminal proceeding the court granted a motion of the defendant and suppressed his confession. The state appealed.
On the motion to suppress it was disclosed that at the time the confession was obtained an officer informed the defendant that he could not promise him anything but would tell the court and the jury that he co-operated in the case. The trial court found the confession "arose out of that inducement," and that such inducement "carries with it an implied threat that the defendant would be penalized if he did not co-operate." We are unable to agree with the trial court that the statement made by the officer to the defendant represented such an inducement or threat to the defendant as to vitiate his otherwise voluntary confession.
The officer expressly informed the defendant he could not promise him anything. The further statement by the officer that he would let the judge and the jury know the defendant had co-operated in the case did not amount to a promise of leniency, but only that his co-operation would be made known. All the defendant reasonably could assume therefrom was that the court or jury being so advised might exercise leniency in his case if they so chose.
In Paramore v. State, Fla. 1969, 229 So.2d 855, 858, the Supreme Court said:
"A confession of guilt freely and voluntarily made is not rendered inadmissible because it appears to be induced by deception practiced by the officers, Denmark v. State, 95 Fla. 757, 116 So. 757 (1928), or by the accused being told it would be easier on him if he told the *37 truth, Ebert v. State, 140 So.2d 63 (Fla. App.2d Dist. 1962), or by an officer's statement that only by confessing could the defendant escape the death penalty. Milton v. Cochran, 147 So.2d 137 (Fla. 1962). In the case sub judice there was no misrepresentation and the appellant was adequately warned as to his constitutional rights. * * *"
On the authority of that statement of the applicable law in Paramore v. State, supra, and the decisions cited therein, we hold the motion to suppress should have been denied, and that it was error to order suppression of the confession in this case.
Accordingly the order appealed from is reversed and the cause remanded for further proceedings.