349 So.2d 714 (1977)
Billie Ann FILLINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-230.
District Court of Appeal of Florida, Second District.
August 17, 1977.
Rehearing Denied September 13, 1977.
*715 Jack O. Johnson, Public Defender, Bartow, Sidney L. Matthew, Stephen Lindsey Gorman, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant pled nolo contendere to grand larceny reserving her right to appeal the denial of her motion to suppress her confession.
The police officer who elicited her confession was the sole witness at the hearing on the motion. According to the witness, the appellant, who was confined to a wheelchair, was initially arrested for petit larceny. She was advised of her constitutional rights, signed a waiver, and readily admitted her involvement in that crime.
During this period of time the interviewing officer was informed by a fellow officer that the appellant fit the description of a suspect in an earlier grand larceny case. He then questioned the appellant concerning that crime. At first, the appellant denied any involvement with or knowledge of the crime.
The officer told the appellant that he had enough information at that time to go to the state attorney in order to procure a warrant for her arrest. She asked him to explain the procedure for issuing and serving a warrant. The officer indicated that he would go to the state attorney and that if a warrant were issued, she could be arrested at a later time even in another city or state. In response to the question of what may have influenced appellant to change her mind and confess, the officer candidly stated:
"... I got the impression that she admitted this offense because she didn't wish to take a chance on being arrested at a later date."
The officer was then asked whether he had made any promises in return for her cooperation, to which he replied:
"The only thing I did stipulate that we would use in consideration her cooperation in this case, and I would advise the State Attorney of her cooperation, or not of her cooperation in the case."
The officer added that he told her he would take her cooperation into consideration in seeking to establish the amount of her bond. The normal bond for grand larceny in that county is $5,000, but her bond was ultimately set at $2,500.
As early as 1897, the U.S. Supreme Court observed in Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897):
"`... A confession can never be received in evidence where the prisoner has been influenced by any threat or promise; for the law cannot measure the force of the influence used, or decide upon its effect upon the mind of the prisoner... .'"
Many years later the same court stated in Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960):
"... [T]his Court has recognized that coercion can be mental as well as physical, and that the blood of the accused is not the only hallmark of an unconstitutional inquisition... ."
In order for a confession to be admissible, the state has the burden of showing that it was freely and voluntarily given. State v. Chorpenning, 294 So.2d 54 (Fla. 2d DCA 1974). It cannot have been obtained by any direct or implied promise, however slight. *716 Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963). An accused from whom a confession is sought should be free from the influence of either hope or fear, and a confession must be excluded if the totality of the surrounding circumstances were calculated to delude the accused or to exert undue influence over him. M.D.B. v. State, 311 So.2d 399 (Fla. 4th DCA 1975); Jarriel v. State, 317 So.2d 141 (Fla. 4th DCA 1975). If the interrogator induces the accused to confess by using language which amounts to a threat or promise of benefit, then the confession may be untrustworthy and should be excluded. Frazier v. State, 107 So.2d 16 (Fla. 1958); State v. Chorpenning, supra.
Applying the established law to the circumstances surrounding appellant's confession, the uncontradicted evidence indicates that the confession was induced by promises of leniency. Thus, the state failed to carry its burden of proof that the confession was freely and voluntarily made.
REVERSED.
BOARDMAN, C.J., and HOBSON, J., concur.