358 So.2d 1094 (1978)
STATE of Florida, Appellant,
v.
Tommy Lee WILLIAMS, Appellee.
No. II-221.
District Court of Appeal of Florida, First District.
March 8, 1978.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellant.
Louis G. Carres, Asst. Public Defender, for appellee.
BOYER, Judge.
The trial court granted the appellee's (hereafter, defendant) motion to suppress certain inculpatory statements. The State appeals.
The testimony at the hearing on the motion to suppress revealed that prior to any questioning the defendant was fully advised of his constitutional rights and he signed a waiver of those rights. He was then questioned concerning his knowledge of certain forged checks, which allegedly reflected his name as the payee and the endorser. Initially, he denied any involvement with, or knowledge of, the forged checks.
After the police officer advised the defendant to tell the truth in light of the overwhelming existing and potential incriminating evidence, he informed the officer that he was afraid of the consequences of any admission of guilt because he was currently on parole. The officer testified that he then informed the defendant that if contacted by the parole commission, the *1095 only thing he could do was tell the truth concerning the defendant's cooperation or lack of it in the investigation. He denied making any promises to the defendant concerning his parole and denied making any promises concerning any recommendations on behalf of the defendant. The defendant subsequently confessed. The trial court found the officer's statement constituted an implied promise under Fillinger v. State, 349 So.2d 714 (Fla.2d DCA 1977) and thus the confession was not given freely and voluntarily.
In Fillinger v. State, supra, the officer promised that if the defendant cooperated in the case, he would advise the State Attorney and that her cooperation would be considered in the case. In addition, the officer stated her cooperation would be considered in setting her bond. From those statements, a promise of leniency was inferred. We need not here decide whether, under the same circumstances, we would go so far as did our sister court in the Fillinger case, because the facts sub judice are materially different.
We do not find that the officer's statement in this case constituted an implied promise of leniency which would vitiate the otherwise voluntary confession. The officer expressly stated he could make no promises to the defendant. A promise of leniency could not be inferred from the officer's statement that he would advise the parole officer of the defendant's cooperation if contacted by "the parole people." (See State v. Mullin, 286 So.2d 36 (Fla.3d DCA 1973).)
Accordingly, the learned trial judge erred when he entered the order of suppression here appealed.
REVERSED and REMANDED for further proceedings consistent herewith.
McCORD, C.J., and MELVIN, J., concur.