382 So.2d 128 (1980)
In the Interest of G.G.P., a Child.
No. 78-1095/T4-115.
District Court of Appeal of Florida, Fifth District.
April 2, 1980.
*129 Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Chief, Appellate Division, and Denise Banjavic, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Glenn H. Mitchell, Asst. Atty. Gen., West Palm Beach, for appellee.
UPCHURCH, Judge.
This is a consolidated appeal from two orders of adjudication of delinquency and two orders of disposition whereby appellant was committed to the Department of Health and Rehabilitative Services for an indeterminate period of time not to go beyond his twenty-first birthday.
We REVERSE.
A single question is presented by this appeal: should the trial court have granted a motion to suppress a confession induced by an implied promise of immunity?
To be admissible in evidence, a confession and statements in the nature thereof must be freely and voluntarily made. At the time of the confession, the mind of the defendant must be free to act uninfluenced by either hope or fear. Frazier v. State, 107 So.2d 16 (Fla. 1958). In determining the voluntariness of a statement, the court must consider the "totality of the circumstances". Reddish v. State, 167 So.2d 858 (Fla. 1964); Williams v. State, 156 Fla. 300, 22 So.2d 821 (1945). If the totality of the circumstances were calculated to delude the accused or to exert undue influence over him, the confession must be excluded; if the actions of the interrogator were such that they induced the accused to confess by threat or by promises of a benefit, thus rendering the confession untrustworthy, then the statement should be excluded. See Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977). Upon review, the appellate court will not usually disturb the decision of a trial judge on admission of the confession if there is evidence to support its admission. If it appears prima facie that the confession was freely and voluntarily made, then the burden is upon the defendant to show that it was in fact not a voluntary confession. Cochran v. State, 117 So.2d 544 (Fla. 3d DCA 1960).
Appellant offered to provide information about some burglaries to a St. Cloud police officer. The officer proposed an arrangement whereby appellant, who had worked with the officer on other cases, would be granted immunity if he gave information about the burglaries. After several interviews, the St. Cloud officer asked appellant to talk to an Osceola County deputy. Unknown to appellant or to his mother, who had been present at some of the interviews, the St. Cloud officer had given to the Osceola Sheriff's Office the information provided by appellant. Appellant admits *130 that the Osceola deputy advised him that any promises made by the St. Cloud officer would not be binding on Osceola County.
The evidence considered by the trial court on the motion to suppress consisted of two taped interviews. In the first interview, appellant was given and stated that he understood, his Miranda rights. He was then questioned and confessed to involvement in several burglaries. In the second interview, appellant was asked whether anyone had promised or threatened him in any fashion. Appellant answered that the St. Cloud officer had promised he would talk to the judge and the "cops," including those in other counties, so that appellant would definitely not have to go to Youth Hall. He also stated that his mother and an Officer Jolly were present at the time the promises were made. The tape clearly shows that appellant believed that the promise of immunity made by the St. Cloud officer covered all the burglaries. If such a belief were reasonable under the circumstances, then appellant's confession must be excluded.
Appellee contends that appellant understood that the Osceola deputy would not be bound by the promises of the St. Cloud officer; however the disclaimer was not recorded. This omission is surprising because the purpose of the question regarding promises or threats is to insure that the statement is not later excluded as being coerced. Recording the disclaimer should have been mandated because appellant's belief that a promise had been made was on tape. Appellant's belief that immunity extended to all crimes was reasonable in view of the attendant circumstances, especially the fact that the St. Cloud officer transmitted the information to the Osceola Sheriff's Office without the knowledge or consent of appellant or his mother. Without that information, the Osceola deputy would not have directed his investigation toward appellant. While promising immunity on the one hand, the St. Cloud officer became the initiating force of appellant's prosecution in another jurisdiction.
It is unreasonable to expect one of appellant's age and position to fully comprehend the jurisdictional limits of the various officers. Unless it could be effectively and clearly demonstrated that appellant understood that the Osceola deputy would not cooperate with the St. Cloud officer and would not be bound by that officer's promises or any other promises, the disclaimer would not be sufficient to attentuate the "taint" of the original promise. Such was not the quality of the disclaimer in this instance. Appellant's belief in the promise of immunity was reasonable under the circumstances and the statements which resulted should have been suppressed.
The orders of adjudication of delinquency and the orders of disposition of the lower court are REVERSED.
SHARP, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
The defendant, G.G.P., was seventeen years of age when he discussed with a St. Cloud police officer burglaries committed within that city. Immunity was promised in regard to those offenses.
The subsequent interviews with the officer of the Sheriff's Department related to burglaries committed outside the municipality of St. Cloud. These interviews, which resulted in the taped confessions sought to be suppressed, admittedly were preceded by Miranda warnings to the defendant and an express admonition that any promises made by the St. Cloud policeman were not binding in regard to the interviews being conducted by the county officer. Indeed, it was the uncontroverted testimony of the county officer that, prior to the taped interviews, he expressly warned defendant "that we couldn't honor promises made by another agency; if the agency indeed made promises, they had no right to do so. They were wrong in doing so, if indeed they had."
At the hearing on the motion to suppress, the defendant admitted the Osceola deputy had warned him that promises made by the *131 St. Cloud officer would not be binding on Osceola County. Nevertheless, the defendant "figured" that the St. Cloud officer would talk to the county deputy later. This is not sufficient to render a confession involuntary.
The fact that the "disclaimer" was not recorded on the tape may have been poor judgment by the officer, but since the warning was admitted by the defendant in open court at the suppression hearing, that omission is of no significance.
The defendant was no stranger to the juvenile court system, and it did not require a sophisticated criminal of mature years to comprehend the warnings of jeopardy in regard to the county interviews. The fact that the defendant may have hoped for an extension of the immunity granted by the city does not support suppression of the confessions, which the trial court found to be knowing and voluntary after a due process hearing. The record here reveals no threats, coercion, express or implied promises by the interrogating county officer in regard to these offenses, nor other improper inducement.
In Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977), relied upon by the majority, the investigating police officer, as an inducement to the defendant to confess, told her he would advise the State Attorney of her cooperation and that it would be a consideration favorable to her in establishing the amount of her bond. This was held to be a promise of benefit that rendered the confession untrustworthy. In other words, the defendant was promised that her confession would expedite her release from custody. In the instant case, the defendant was promised absolutely nothing in return for his confessions relating to burglaries outside of St. Cloud; indeed, he was expressly warned that any immunity deal he had made with the municipal officer did not carry over. His hope that the St. Cloud officer would help him later was not wrongfully induced or coerced by the interrogator; it was an independent strategical judgment on the defendant's part as to his ultimate best interests, as are almost all custodial confessions.
The true test as to voluntariness of confessions was lucidly spelled out by the Florida Supreme Court in Frazier v. State, 107 So.2d 16 (Fla. 1958). In that case, a deputy suggested to a defendant that he should confess and that it would be best for him to do so. There was no threat or specific promise of reward. In affirming the trial court's denial of the motion to suppress, the Supreme Court adopted its earlier statement from Thomas v. State, 92 So.2d 621, 623 (Fla. 1957), certiorari denied, 354 U.S. 925, 77 S.Ct. 1389, 1 L.Ed.2d 1440, where a confession was made to an assistant state attorney after an hour of questioning at the jail:
... Exhortations to tell the truth, while under arrest, absent duress, threats, compulsion, hope of reward or benefit, do not render a statement involuntary... .
The Frazier opinion then clarifies the reference to "hope of reward or benefit" by observing that this must arise from the specific language used by the interrogator, and also depends on warrantable inferences drawn from the language and circumstances. The test is whether "the confession may be untrustworthy because it has been associated with an attraction too strong to resist." Citing from III Wigmore on Evidence, Section 831, the Florida Supreme Court quoted:
The current rules or tests, for determining what kind of inducement suffices to exclude, are three . ..:
(1) the first is, was the inducement of a nature calculated under the circumstances to induce a confession irrespective of its truth or falsity?
.....
It has been seen (ante, § 824) that the first test is the only rational and correct one.
In Burch v. State, 343 So.2d 831 (Fla. 1977), the Florida Supreme Court considered the admissibility vel non of a murder confession given by an accused, after Miranda warnings, who was given a pretended *132 polygraph test and told that it was inculpatory, and who was advised by the interrogating officer to consider the difference between a capital crime and a seven-to-twenty year sentence in determining whether to confess and explain the circumstances. In holding that this confession was not the product of coercive circumstances, the Court primarily relied upon Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969).
It is difficult, if not impossible, to reconcile Burch and Fillinger; it is unnecessary to attempt to do so since the former is a Florida Supreme Court case and the latter is not.
The circumstances in the instant case are far less coercive than in Burch, and, indeed, no false representations were made to the minor defendant herein. The record does not indicate that false confessions were extracted from him by attractions too strong to resist. Moreover, the finding by the trial court of voluntariness is presumably correct for purposes of appellate review. Davis v. State, 90 Fla. 317, 105 So. 843 (1925). An appellate court should not substitute its evaluation of the evidence for the factual determinations made by the trial court.
I would affirm.