401 So.2d 823 (1981)
Ruben PEDRERA, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1201.
District Court of Appeal of Florida, Third District.
April 28, 1981.
On Rehearing July 14, 1981.
Carhart & McGuirk and James McGuirk, Miami, for appellant.
*824 Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
PER CURIAM.
Affirmed. Brown v. State, 152 Fla. 508, 12 So.2d 292 (1943); Shea v. State, 167 So.2d 767 (Fla. 3d DCA 1964); Bertone v. State, 224 So.2d 400 (Fla. 3d DCA 1969); Matire v. State, 232 So.2d 209 (Fla. 4th DCA 1970); Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971); Mendez v. State, 280 So.2d 525 (Fla. 3d DCA 1973); State v. Mullin, 286 So.2d 36 (Fla. 3d DCA 1973); Morgan v. State, 303 So.2d 393 (Fla. 2d DCA 1974); Mathis v. State, 348 So.2d 1221 (Fla. 3d DCA 1977); State v. Williams, 358 So.2d 1094 (Fla. 1st DCA 1978); State v. Sobel, 363 So.2d 324 (Fla. 1978); Foster v. State, 369 So.2d 928 (Fla. 1979); Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979).

ON REHEARING
PER CURIAM.
On rehearing, the appellant, for the first time, raised the legality of the sentence herein alleging that the imposing of an enhanced sentence on the conviction for aggravated battery was improper under the holding in Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981).
The State has responded to the allegation by confessing error as to the sentence on the aggravated battery conviction. The State requests that this court return the cause to the trial court, permitting the trial court to re-sentence on all counts, thereby enabling the trial court to sentence the defendant to the same term of imprisonment by merely making the enhanced sentences on the two third degree murder convictions run consecutively rather than concurrently.
Under the facts of the instant case, it does appear that the imposing of an enhanced sentence for the conviction of aggravated battery should be set aside. See: Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978); Knight v. State, 374 So.2d 1065 (Fla. 3d DCA 1979); Bell v. State, supra.
However, it does not appear that we should extend the prohibition against an enhanced sentence, set forth in the aforementioned cases, to the convictions for third degree murder for the following reason: The use of a firearm is not necessarily an element of third degree murder, as statutorily defined, and the mere fact that a firearm was used in commission of the crime does not make it a necessary element as in the case of aggravated assault, which is statutorily defined to be committed by use of a deadly weapon. Furthermore, there is no enhancement of the crime of third degree murder, whereas aggravated battery is an enhancement of the crime of battery.
Thus, on rehearing, we reduce the sentence for the aggravated battery conviction to fifteen years and adhere to the remainder of the original opinion.