BASKIN, Judge.
Appellant K. H., a juvenile, was adjudged delinquent by the trial court. He challenges the denial of his motion to suppress statements he gave police following his warrantless arrest. He contends that because the arresting officer lacked probable cause to effectuate his arrest, the statements obtained from him at the police station were tainted by the unlawful arrest. We agree and reverse.
Appellant was arrested shortly after another individual, Joseph Alexander, was arrested for traffic violations. Officer Heath-erington questioned Alexander about a theft committed the previous day. Relying on Alexander’s statements, Officer Heath-erington arrested K. H. for grand larceny of a purse without attempting to secure a warrant. Officer Heatherington then took K. H. to the police station and questioned him, eliciting the statements appellant later sought to suppress.
During the hearing on the Motion to Suppress, Officer Heatherington testified that he went with Alexander to arrest K. H. He stated:
I went out there, to identify the individuals that were involved in criminal activity, to wit, felonies in the State of Florida. And, yes, sir, if we identified them, due to the fact of the repetitious nature of the crimes that this group was committing, I felt that it was necessary to pick these individuals up, as soon as possible, to prevent the further continuance of a felony action that was on a continual basis, for approximately three weeks, prior to this.
The officer did not repeat the statements made by Alexander which led him to his conclusion that appellant was implicated in the purse snatching upon which the grand larceny charge was predicated.
Absent proof that the officer had probable cause to believe that appellant had committed the offense with which he was charged, the arrest cannot be sustained under section 901.15, Florida Statutes (1979).[1] The state was required to prove that information furnished by a reliable informant was sufficiently detailed and verified by the officer’s personal observations to create a reasonable inference of reliability. State v. Doherty, 240 So.2d 332 (Fla. 4th DCA 1970). The state failed to meet that burden; therefore, the warrantless arrest was unlawful.
Because appellant’s warrantless arrest constituted a violation of his Fourth Amendment rights, his statements made at the police station must be suppressed as the product of his unlawful arrest. Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).
Appellant’s remaining points lack merit.
Reversed and remanded for a new trial.

. Section 901.15(2), Florida Statutes (J 979):
901.15(2) When arrest by officer without warrant is lawful. — A peace officer may arrest a person without a warrant when:

(2) A felony has been committed and he reasonably believes that the person committed it.