422 So.2d 1065 (1982)
Michael Raye SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. AJ-438.
District Court of Appeal of Florida, First District.
December 1, 1982.
Carroll Cayer, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
We affirm appellant's conviction and sentence for robbery, noting that there was no appealable conviction and sentence for conspiracy to commit robbery. Section 924.06(1), Fla. Stat. (1981); Fla.R.App.P. 9.140(b)(1). In rejecting appellant's attack upon the warrantless arrest, we adhere to Barfield v. State, 396 So.2d 793, 795 (Fla. 1st DCA 1981), and disagree with State v. Doherty, 240 So.2d 332 (Fla. 4th DCA 1970), to the extent that Doherty holds that the State, demonstrating the veracity of hearsaid information relied on for an arrest, must show both the credibility of the informant and the reliability of his information. Proving veracity, as Barfield demonstrates, is by one means or the other, not both. Nor on this record can we find that appellant involuntarily confessed as a result of improper inducements by an interrogator. It is not per se an unlawful inducement to promise to notify parole authorities, or the prosecutor, or the court, of the accused's cooperation under questioning. Bova v. State, 392 So.2d 950 (Fla. 4th DCA 1980), modified on other grounds, 410 So.2d 1343 (Fla. 1982); see also State v. Williams, 358 So.2d 1094 (Fla. 1st DCA 1978); but see Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977), cert. den., 374 So.2d 101 (Fla. 1979). Here the record as a whole does not compel a finding that appellant's confession was involuntary. No other error appears.
AFFIRMED.
McCORD and MILLS, JJ., concur.