440 So.2d 419 (1983)
Michael PUCCIO, Appellant,
v.
STATE of Florida, Appellee.
No. AQ-335.
District Court of Appeal of Florida, First District.
October 14, 1983.
Rehearing Denied November 8, 1983.
*420 John W. Pafford, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
ZEHMER, Judge.
On this appeal, we review the trial court's order denying appellant's motion to suppress admissions that he alleges were prompted by improper inducements or promises from police officers. We affirm.
On March 30, 1981, appellant was arrested by Officer Dipera pursuant to a warrant on a burglary charge and taken to an interrogation room at the Jacksonville Police Memorial Building. Appellant was questioned by both Diperna, a uniformed policeman, and Farmer, a plainclothes detective, regarding appellant's possible involvement in the burglary. Testimony by those police officers at the suppression hearing proved that the following took place during the interrogation.
Appellant persistently denied any participation in the burglary for which he had been arrested and was being detained. After the officers concluded their questioning on that offense, Farmer asked appellant if he had been involved in any other burglaries. The officers had no specific burglary in mind. Appellant at first denied participation in any other burglaries, but then asked what would happen to him if he did discuss the matter. Farmer told appellant that he would not be charged with any other burglaries at that time and explained that a decision to so charge him would be up to the state's attorney and the court. Farmer, however, promised to advise the state's attorney and the court of appellant's cooperation. Thereafter, appellant admitted to several other burglaries. Appellant later accompanied Farmer and a second detective in a police car and pointed out the location of about eight burglaries he had committed.
The original burglary charge on which appellant was arrested was not pursued by the state. Appellant was, instead, charged with one of the admitted burglaries. He moved to suppress the admissions, alleging that they were induced by promises of favorable treatment on the charge for which appellant was being held. Appellant did not testify at the suppression hearing. The trial court denied the motion. Appellant *421 then pled nolo contendere, specifically reserving the right to appeal this question.
On appellant's first appeal, we held that the record contained no stipulation by the state that the order denying suppression of the confession was dispositive of the case and that the issue raised would not be reviewed. Puccio v. State, 424 So.2d 85 (Fla. 1st DCA 1982). Thereafter, with the state's concurrence, the trial court permitted the original plea of nolo contendere to be withdrawn, and a new nolo plea was accepted with a stipulation by the state recognizing that the reserved suppression issue was, in fact, dispositive. The issue is now properly before us for review.
Appellant argues that he was arrested for the burglary of Mr. Young's residence, that he was being held on that charge when the admissions were made, and that it was within the context of that interrogation that the officers questioned appellant about any other burglaries and advised him that they would make known his cooperation in solving other uncharged crimes. Appellant was at that time eighteen years of age and unfamiliar with the court system. Fearful that he would be prosecuted and incarcerated on the Young burglary despite his denials because the officers did not believe him, appellant reasoned that if he cooperated regarding the other burglaries on which the officers said they had no intention of bringing charges at that time, then perhaps he could avoid prosecution for the Young burglary, which he had denied committing. As a result of the promises and inducements held out by the police officers, appellant argues, he admitted the uncharged burglaries.
The state has the burden of showing that the involved confession or admission was freely and voluntarily given. The confession cannot have been obtained by any direct or implied promise of benefit or reward, however slight. Brewer v. State, 386 So.2d 232 (Fla. 1980); Fillinger v. State, 349 So.2d 714, 715 (Fla. 2d DCA 1977). The confession must be excluded if the totality of the surrounding circumstances were calculated to delude the accused or to exert undue influence over him. Fillinger, at 716. A simple representation in the form of a promise to a cooperating confessor that the fact of his cooperation will be made known to the prosecuting authorities or the court, however, is insufficient to render a confession involuntary and inadmissible. State v. Williams, 358 So.2d 1094 (Fla. 1st DCA 1978); Bova v. State, 392 So.2d 950 (Fla. 4th DCA 1980).
Determining whether a confession is voluntary requires an assessment of human motivation and behavior, and that one factor by itself is seldom determinative. United States v. Ballard, 586 F.2d 1060, 1063 (5th Cir.1978); Bova, supra, at 952. The voluntariness of a confession presents a mixed question of law and fact to be determined, first, by the trial judge and then, should a trial be held, by the jury. Stone v. State, 378 So.2d 765 (Fla. 1979). Evidence of all the circumstances of the act of confessing was before the trial judge, and his finding comes to this court clothed with a presumption of correctness. Bova, supra, at 952.
The judge below had ample opportunity to observe the officer and detective testifying at the suppression hearing and to assess their motivation and credibility. Having done so, and having found neither an implied promise nor other impermissible inducement, he ruled that appellant's confession was admissible. It is our duty to interpret the evidence and derive reasonable inferences therefrom in a manner most favorable to the state in reviewing whether sufficient evidence sustains the trial court's ruling. Bova, supra, at 952.
The record indicates that before appellant admitted knowledge of the other burglaries he was promised that his cooperation would be communicated to the proper authorities and that the police would not file charges at that time on any other burglaries. Although it seems unlikely that appellant would, without at least some intimation of reward or benefit by the police interrogators, incriminate himself with a voluntary confession accompany two detectives to identify the sites of eight former burglaries, the record is devoid of any such *422 intimation. Rather, the record supports a finding that the officers clearly qualified their statements concerning appellant's cooperation by explaining that whether or not any additional charges would be filed was ultimately up to the state's attorney and the court. Accordingly, the admissions by appellant appear to be the product of proper police procedure rather than the product of trickery, threats, or the exertion of improper influence as contemplated in Brewer, supra, the case appellant argues is controlling.
In Brewer, the defendant was convicted of first degree murder and sentenced to death. He appealed the conviction on grounds that his confession to the police was inadmissible. The Supreme Court held that the defendant's initial statement was made to police officers who relentlessly raised the spectre of the electric chair, repeatedly suggested that they had the power to effect leniency, and cavalierly indicated that the defendant would not be given a fair trial. This conduct was held to be sufficient to render the statement inadmissible. The record in the instant case indicates no such improper coercion, intimidation, or promise of leniency to gain appellant's cooperation.
The trial court's denial of appellant's motion to suppress is AFFIRMED.
MILLS and SHIVERS, JJ., concur.