473 So.2d 10 (1985)
Alfreda HOWARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-825.
District Court of Appeal of Florida, Third District.
July 16, 1985.
Bennett H. Brummer, Public Defender and Peter Raben, Sp. Asst. Public Defender, for appellant.
*11 Jim Smith, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
Appellant seeks review of her conviction and sentence to 20 years in the state penitentiary with a minimum mandatory 3 year sentence entered by the trial court after a jury verdict found her guilty of attempted second degree murder with a firearm.
The appellant urges 4 points for reversal, first, error in denying the motion to suppress a written confession, second, error in enhancing the sentence because of the use of a firearm, thirdly, doubly enhancing it by the imposition of a 3 year minimum mandatory, and lastly, permitting the relatives of the deceased to make comments at the sentencing hearing. We find no error and affirm.
As to the voluntariness of the confession see Paramore v. State, 229 So.2d 855 (Fla. 1969); Smith v. State, 422 So.2d 1065 (Fla. 1st DCA 1982); State v. Williams, 358 So.2d 1094 (Fla. 1st DCA 1978). As to the enhancement to a first degree felony see Miller v. State, 438 So.2d 83 (Fla. 4th DCA 1983); Dion v. State, 409 So.2d 1216 (Fla. 3d DCA 1982); Section 775.087(1), Florida Statutes (1983). As to the additional enhancement of the 3 year minimum mandatory see State v. Whitehead, 472 So.2d 730 (Fla. 1985); Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985); Brown v. State, 460 So.2d 546 (Fla. 1st DCA 1984). Lastly, it is within the broad discretion of a trial judge to determine which factors he will consider at the time of sentencing and we find no abuse of discretion in his considering statements by the relatives of the deceased. Therefore the conviction, final judgment and sentence be and they are hereby affirmed.
Affirmed.