BASKIN, Judge.
The state appeals an order suppressing statements made by defendant Sandy Charon while in police custody following his arrest on charges of sexual battery, robbery, and kidnapping. We find no error in the trial court’s ruling that, given the totality of the circumstances, the statements were not voluntary and should be suppressed.
In response to a motion to suppress, the state has the burden of proving by a preponderance of the evidence that the challenged statements were voluntarily made. Brewer v. State, 386 So.2d 232 (Fla. 1980); Williams v. State, 441 So.2d 653 (Fla. 3d DCA 1983), review denied, 450 So.2d 489 (Fla.1984); Puccio v. State, 440 So.2d 419 (Fla. 1st DCA 1983). Testimony elicited during Charon’s suppression hearing persuaded the trial court that the state failed to meet its burden.
The trial court found that several of the detective’s actions and comments undermined the voluntariness of Charon’s statements. Initially, the detective advised 17-year-old Charon and his father that it would be in Charon’s best interest to submit to photographing and fingerprinting. Subsequently, the detective told Charon’s *393 father to have Charon contact him; however, the detective failed to inform the father that Charon had been identified by the victim as one of the perpetrators and neglected to state the nature of the anticipated charges. Next, the court found that the detective advised Charon that the police were “more interested” or “solely interested” in another individual, who had used a firearm in the commission of the crimes. In addition, the trial court found that contrary to the juvenile officer’s policy that parents be present during questioning, Charon’s interrogation was conducted in his father’s absence because the detective had misinformed the juvenile officer concerning the father’s availability; * questioning lasted approximately four and one-half hours until 3:30 in the morning. The court concluded from these actions and comments that the detective had engaged in “deception or quasi-deception” in his investigation and interrogation of Charon.
The trial court based its decision to suppress Charon’s statements upon a number of factors: Charon’s youth, his inexperience with the law, his lack of counsel, and the “deception or quasi-deception” practiced by the detective. The court concluded that Charon was led to believe that the focus of the investigation was directed to another individual and was thereby induced to make the challenged statements.
A confession must be suppressed if the surrounding circumstances or the declarations of those present at the making of the statement are calculated to delude the accused as to his true position or to exert improper and undue influence over him. Thomas v. State, 456 So.2d 454 (Fla.1984); Brewer; Williams. Although the detective’s actions and misleading comments, if considered individually, might not justify a finding that Charon’s statements were involuntary, see Williams, 441 So.2d at 656 and cases cited therein, the totality of the circumstances supports the trial court’s conclusion.
We therefore affirm the trial court’s order suppressing Charon’s statements.
Affirmed.
JORGENSON, J., concurs.

 Charon’s father was in the building at the time.