356 So.2d 878 (1978)
William Earl DODSON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-2135 and 77-158.
District Court of Appeal of Florida, Third District.
March 21, 1978.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before KEHOE, J., and BOYD, JOSEPH A., JR., Associate Judge and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
By appeal No. 76-2135, the defendant below seeks reversal of his conviction of grand larceny, the theft of a privately-owned automobile. On the trial which was before a jury, the State produced evidence in support of the charge, including testimony of an arresting officer that the defendant had admitted to him the theft of the car. The defendant testified. On direct examination his attorney questioned him regarding a conviction for auto theft twelve years previous, which the defendant admitted. His attorney then asked the defendant if he had been convicted of "other crimes" and of "other felonies", to which the defendant answered in the affirmative.
*879 On cross-examination the prosecutor interrogated the defendant as to such "other crimes", bringing out that they included another car theft, and thefts of property on breaking and entering.
Appellant contends the allowance of such cross-examination, over objection, deprived the defendant of a fair trial. We cannot agree. No reversible error was thereby committed. Defendant's attorney opened the door. Shea v. State, 167 So.2d 796 (Fla. 3d DCA 1964); Martin v. United States, 404 F.2d 640, 642-643 (10th Cir.1968).
By questions on direct examination of the defendant his attorney had created basis for an inference that there was one prior conviction for auto theft and that there were other crimes, i.e., crimes other than theft. The prosecutor, by cross-examination, sought to and did establish that such other crimes included auto theft and theft of other properties. Crimes of that kind, as distinguished from acts of violence, "are universally regarded as conduct which reflects adversely on a man's honesty and integrity". Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967). That gave that evidence of other crimes materiality. Williams v. State, 110 So.2d 654 (Fla. 1959). Accordingly, the judgment appealed from is affirmed.
Appeal No. 77-158 is from an order revoking the defendant's probation based on his above conviction. The contention on this other appeal is that the revocation order should be reversed if the judgment of conviction above referred to is reversed. That did not occur, and the order revoking probation is affirmed.