386 So.2d 51 (1980)
James W. LEONARD, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1158.
District Court of Appeal of Florida, Second District.
July 23, 1980.
Jack O. Johnson, Public Defender, and Douglas A. Lockwood, Asst. Public Defender, Bartow, for appellant.
*52 Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
James W. Leonard appeals his conviction and sentence for attempted possession of marijuana. We hold that the trial court erred in allowing the prosecutor to cross-examine appellant as to the nature of his prior criminal convictions; we therefore reverse.
At trial, appellant testified on his own behalf. On direct examination defense counsel asked:
Q Let me ask you this, Jim, have you ever been convicted of a crime?
A Yes.
Q How many times?
A Three times.
Defense counsel asked no further questions concerning appellant's prior convictions, and there is no contention that appellant's testimony as to the number of his convictions was anything other than truthful. On cross-examination, however, the prosecutor was allowed over defense objection to inquire into the nature of appellant's prior convictions. They included a conviction of possession of marijuana, as well as convictions for burglary and night prowling.
The rule in Florida has long been established that a defendant who testifies on his own behalf may be asked on cross-examination whether he has ever been convicted of a crime and, if so, how many times. Unless the defendant answers untruthfully, the prosecution's inquiry along this line must stop. Fulton v. State, 335 So.2d 280 (Fla. 1976); McArthur v. Cook, 99 So.2d 565 (Fla. 1957); Mead v. State, 86 So.2d 773 (Fla. 1956); Whitehead v. State, 279 So.2d 99 (Fla. 2d DCA 1973).
The trial court ruled that the challenged inquiry was proper because defense counsel had "opened the door" on direct examination. We agree that further inquiry by the prosecutor would have been proper had defense counsel "opened the door" by inquiring into the circumstances or dates of any of the crimes, or by inquiring into the nature of one or two of appellant's prior convictions, as occurred in Dodson v. State, 356 So.2d 878 (Fla. 3d DCA), cert. denied, 360 So.2d 1248 (Fla. 1978). In Dodson the defendant testified and admitted on direct examination that he had been convicted of auto theft twelve years previously. Defense counsel then inquired whether defendant had been convicted of "other crimes" and of "other felonies," to which defendant responded that he had been. On cross-examination, the prosecutor inquired as to the nature of the "other crimes." The trial court and the appellate court held the testimony admissible and properly so.
The defense counsel here stayed within the confines of accepted inquiry and made no attempt to mislead the jury, as appears to have been done in Dodson. The mere fact that appellant sought to reduce the damaging effect of his prior convictions by admitting them on direct examination rather than waiting to have them brought out on cross-examination does not authorize the state to inquire further than it would otherwise have been allowed to.
We hold that the trial court committed reversible error in allowing the state over timely objection to exceed the permissible scope of cross-examination. Whitehead v. State, supra.
We find no merit in the remaining points raised by appellant.
Accordingly, the judgment and sentence appealed is REVERSED and the cause REMANDED for new trial.
SCHEB, C.J., and CAMPBELL, J., concur.