395 So.2d 176 (1980)
Jimmy NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. PP-80.
District Court of Appeal of Florida, First District.
May 30, 1980.
On Rehearing March 13, 1981.
*177 Michael J. Minerva, Public Defender, Margaret Good, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
Jimmy Nelson appeals a judgment and sentence adjudicating him guilty of grand theft. His appeal is based upon contentions that his trial was flawed by the trial court's denial of his right to cross-examination of prosecuting witnesses to show their motives or interest in the outcome of the case, adverse to him; and he further argues that he was denied due process of law by the trial court's error in permitting the State's recross-examination of appellant concerning his conviction of specific crimes. He also contends that the trial court committed reversible error by refusing a requested jury instruction on penalties for the offenses of which he was subject to conviction. We find no error and affirm.
During Nelson's trial for grand theft of clothing from a Montgomery Ward department store, Nelson's attorney on cross-examination addressed the following question to the witness Ms. Antzakas, a store detective who had been instrumental in procuring Nelson's arrest on the charge:
Mr. [sic] Antzakas, two brief questions, as an employee of Montgomery Ward's, if you stopped someone and in fact there is shown to be no probable cause, are you or are you not and the store personally and civilly liable... .
The trial judge sustained the State's objection to the above question. A similar question was addressed to the arresting officer, Speiser, a security officer employed by the mall where the Montgomery Ward's store is located.[1] Again the trial judge sustained the State's objection.
We agree with the statement of the Florida Supreme Court in Wallace v. State, 41 Fla. 547, 26 So. 713 (1899):
For the purpose of discrediting a witness, a wide range of cross-examination is permitted, as a matter of right, in regard to his motives, interest, or animus, as connected with the cause or with the parties thereto... .
Denial of the full right of cross-examination of a principal State witness has been held to be harmful error. Simmons v. Wainwright, 271 So.2d 464 (Fla. 1st DCA 1973); Kirkland v. State, 185 So.2d 5 (Fla. 2nd DCA 1966); Coxwell v. State, 361 So.2d 148 (Fla. 1978). It has also been held, however, that the defendant does not have the unrestricted right to cross-examine adverse witnesses on any matter desired. Initially the cross-examination must be shown to be relevant. The determination of relevancy is within the discretion of the trial court... . Skinner v. Cardwell, 564 F.2d 1381 (9th Cir.1977), cert. den. 435 U.S. 1009, 98 S.Ct. 1883, 56 L.Ed.2d 392 (1978); and see Maycock v. State, 284 So.2d 411 (Fla. 3rd DCA 1973).
Upon review of the question propounded to the witnesses, in the light of the authorities cited, we conclude that the error, if any, in denial of the right to ask the *178 question was harmless. Initially, we note there was no predicate for the question, and in the form stated, it merely sought the expression of an opinion of the witness concerning his or her (or the store's) civil liability for possible improper arrest, or false imprisonment. There were no questions preceding this to determine the witness' knowledge or familiarity with the law on civil liability, nor was there any indication that any action for civil damages was threatened or pending. Finally, no proffer was made to show what answer was sought to be extracted from the witness and how it might have a bearing upon the witness' credibility. We must simply view the particular question asked of the witness in isolation, just as did the trial judge, and in so doing we cannot say that reversible error occurred. We have viewed this particular ruling in the context of the whole trial, and we conclude that prejudice to the appellant has not been demonstrated. See Coxwell v. State, supra, at page 152.
On the second issue, appellant's claim of improper cross-examination concerning conviction of specific crimes, we note initially that on cross-examination appellant acknowledged that he had previously been convicted of a crime six times. Upon again being questioned as to the number of convictions, appellant stated: "Three misdemeanors, one felony. Not six times I don't think." On redirect examination by his counsel, appellant stated that he had never been tried by a jury before. He stated further that on his previous convictions he had pleaded guilty because he was guilty; that he had not pleaded guilty in this case, because he was not guilty. Upon recross-examination the State Attorney was permitted to ask appellant to name the three misdemeanors of which he had been convicted. His counsel's timely objection was overruled. Upon answering, appellant stated that not all the prior offenses were for petty theft. Then the State Attorney asked the following question:
Q. But, you stole something from a store didn't you, and you have done it twice before, haven't you?
Upon objection, the court responded: "That's going too far." Appellant's counsel immediately moved for a mistrial, arguing that the testimony was beyond the scope of recross-examination, and constituted improper use of Williams rule testimony. The court denied the motion.
This court in Harmon v. State (Fla. 1st DCA 1980), Case No. LL-336, Opinion filed May 9, 1980, recently pointed out the impropriety of prosecutorial overreaching by improper references to collateral crimes. However, in that case the court reversed upon other grounds, and it also appeared that the improper questions were not timely objected to. It has long been the law of this State that an attack upon the credibility of a witness by means of "other crimes" evidence is limited to the question whether the witness has been convicted of a crime. If the conviction is admitted, the inquiry may not be pursued to the point of naming the crime of which he was convicted. McArthur v. Cook, 99 So.2d 565 (Fla. 1957). We find no error in this instance, however, because appellant's own counsel "opened the door" to further examination regarding his specific crimes by his additional questions on redirect examination eliciting from appellant the self-serving declarations that he had "pled guilty" to the other crimes because he was guilty, but that he pleaded not guilty in the instant case, because he was not guilty. Under the circumstances, it was permissible for the State to inquire further as to the type of crimes defendant admitted being guilty of in the past. See Dodson v. State, 356 So.2d 878 (Fla. 3rd DCA 1978).
As to the third point, the trial court's refusal to instruct on penalties for offenses, we adhere to our ruling in Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978) (cert. pending, Case No. 55,394, Florida Supreme Court).
McCORD and WENTWORTH, JJ., concur.

OPINION ON REHEARING
LARRY G. SMITH, Judge.
In our opinion filed May 30, 1980 we adhered to this Court's ruling in Tascano v. *179 State, 363 So.2d 405 (Fla. 1st DCA 1978), and found no reversible error in the trial judge's refusal to instruct penalties for the offenses. Florida Rule of Criminal Procedure 3.390(a). Our Tascano decision has been overruled by the Supreme Court of Florida, Tascano v. State, 393 So.2d 540 (Fla. 1980).
Upon review of the record we conclude the point was properly preserved for review by appellant, and we are therefore compelled to apply the law as announced by our Supreme Court.
Accordingly, the judgment of conviction is reversed, and this cause is remanded for new trial.
McCORD and WENTWORTH, JJ., concur.
NOTES
[1] Are you responsible to them for anything that might happen? For instances from someone being injured by you while you are on duty?