400 So.2d 797 (1981)
Joe Henry SKIPPER, Appellant,
v.
STATE of Florida, Appellee.
No. SS-346.
District Court of Appeal of Florida, First District.
June 17, 1981.
Rehearing Denied July 31, 1981.
Lacy Mahon, Jr., and Harry B. Mahon, of Mahon, Mahon & Farley, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Doris Jenkins, Asst. Atty. Gen., for appellee.
PER CURIAM.
We affirm appellant's conviction of the offense of armed robbery. We find no basis for appellant's contention that the trial court erred in failing to grant appellant's motion for a court ordered line-up prior to commencement of the trial. Further, appellant's contention that the trial court erred in failing to instruct the jury on penalties, Tascano v. State, 393 So.2d 540 (Fla. 1980), was not preserved for appellate review. Although the supplemental record establishes trial counsel's request for and denial of penalty instructions by the court, the record contains no objection in accordance with Rule 3.390(d), Florida Rules of Criminal Procedure. Accordingly, reversible error is not presented. Washington v. State, 392 So.2d 599 (Fla. 1st DCA 1981), Davenport v. State, 396 So.2d 232 (Fla. 1st DCA 1981).
Appellant also contends that the court erred in denying his challenge of a juror for cause. On voir dire, the juror *798 stated that he was attending school preparatory to going into work as a law enforcement officer, and was at the time a reserve police officer for Fernandina Beach. In response to questioning, he responded truthfully that since he was going into law enforcement work, although he didn't believe that this would prejudice him as a juror, he honestly didn't know whether it would or not. However, he further stated, in answer to questions by the court, that he would not be more or less inclined to believe a person simply because he was a police officer; that he believed a police officer could be mistaken about what he sees; that there are circumstances under which even a police officer might bend the truth; and that he could gauge the testimony of each witness, law enforcement officer or not, just as any other witness, and be guided by the instructions of the court. We conclude, viewing the questions and answers in their entirety, that the juror's admission of a mere "possibility" of some prejudice in favor of law enforcement reveals nothing more than an inclination toward law enforcement work and upholding of the law. In our view the trial judge, who observed the manner and demeanor of the juror, and heard his statements, could properly have determined that no disqualification of the juror was shown. Section 913.03, Florida Statutes. Appellant has a heavy burden of showing an abuse of discretion. Williams v. State, 386 So.2d 538 (Fla. 1980); compare Leon v. State, 396 So.2d 203 (Fla. 3rd DCA 1981). Furthermore, appellant failed to state the ground for challenge as required by Rule 3.320, Florida Rules of Criminal Procedure. Accordingly, we find no reversible error on this point.
Both appellant and appellee agree, however, that it was error for the trial court, in sentencing appellant for armed robbery, to enhance the penalty under the provisions of Section 775.087, Florida Statutes, for the use of a firearm. Section 775.087 does not apply to an offense which already provides an enhanced penalty for the use of a firearm, as does armed robbery under Section 812.13(2)(a), Florida Statutes (1979). Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978); Knight v. State, 374 So.2d 1065 (Fla. 3rd DCA 1979).
The judgment of conviction is affirmed, with directions to the trial court that the sentence imposed be corrected in accordance with this opinion.
ERVIN, SMITH, LARRY G. and SHIVERS, JJ., concur.