NESBITT, Judge.
The defendant was charged, in Count I, with unlawful display of a firearm in the commission of a felony; to wit: armed robbery; and in Count II, with the commission of a robbery by the use of a firearm. The trial court accepted a somewhat unusual negotiated plea which involved the defendant unconditionally pleading guilty to Count I of the information, for which he was to receive a sentence of five years in the state penitentiary with credit for time served. As to Count II, on his plea of guilty, he was to receive a suspended sentence with the condition that in the event the withholding of sentence was reversed by a paramount court he might withdraw the plea and go to trial as to Count II.
Because Count II carried with it a minimum mandatory sentence of three years pursuant to Section 775.087(2), Florida Statutes (1979), Sowell v. State, 342 So.2d 969 (Fla.1977); State v. Sesler, 386 So.2d 293, 294 (Fla.2d DCA 1980), the entry of a suspended sentence for such an offense was patently erroneous. Consequently, the imposition of a suspended sentence as to Count II is reversed and remanded with directions to impose the appropriate sentence and without prejudice to the right of the defendant to withdraw his conditional plea within a reasonable time after the mandate has been issued.
Reversed and remanded with directions.