WIGGINTON, Judge.
This appeal is from the order of the trial court denying Aikens’ Rule 3.850 motion for post-conviction relief. We affirm as to all three points raised on appeal; however, our affirmance as to the third point merits some discussion.
Aikens was convicted of armed robbery and aggravated assault against separate victims, in violation of Sections 812.13(2)(a) and 784.021, Florida Statutes. He was sentenced to twenty years for the armed robbery count and to five years for the aggravated assault count, those sentences to run consecutively. Aikens also received, under Section 775.087(2), Florida Statutes, mandatory minimum three year sentences for both counts, those sentences to run consecutively. In his motion, relying on Skipper v. State, 400 So.2d 797 (Fla. 1st DCA 1981), Aikens argues the trial court could not “enhance” his sentences by imposing the mandatory minimum sentences for possession of a firearm, where a firearm, as here, was an essential element of the crime or crimes charged. Aikens’ argument assumes that paragraphs (1) (authorizing enhancement of a penalty for possession of a firearm unless such forms an essential element of the crime charged) and (2) of Section 775.087 are to be read in pari materia. However, this Court recently receded from Skipper and recognized that paragraphs (1) and (2) serve different functions. See Vause v. State, 424 So.2d 52 (Fla 1st DCA 1982).
Aikens was convicted of armed robbery and aggravated assault, both of which fall within the ambit of Section 775.087(2); therefore, the trial court properly imposed the consecutive mandatory sentences. Fa use; Blanton v. State, 388 So.2d 1271 (Fla. 4th DCA 1980); Bradley v. State, 413 So.2d 1248 (Fla. 1st DCA 1982); State v. Lopez, 408 So.2d 744 (Fla. 3d DCA 1982); State v. De La Rosa, 414 So.2d 26 (Fla. 3d DCA 1982); Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982); Palmer v. State, 416 So.2d 878 (Fla. 4th DCA 1982); D’Alessandro v. Shearer, 360 So.2d 774 (Fla.1978).
The trial court’s denial of Aikens’ Rule 3.850 motion is AFFIRMED.
MILLS and ERVIN, JJ., concur.