476 So.2d 141 (1985)
Willie F. VAUSE, Petitioner,
v.
STATE of Florida, Respondent.
STATE of Florida, Petitioner,
v.
Willie F. VAUSE, Respondent.
Nos. 63107, 63258.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 25, 1985.
Philip J. Padovano, Tallahassee, for petitioner/respondent, Willie F. Vause.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent/petitioner, State of Fla.
McDONALD, Justice.
We accepted jurisdiction of Vause v. State, 424 So.2d 52 (Fla. 1st DCA 1982), because of conflict with State v. Carpenter, 417 So.2d 986 (Fla. 1982). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve in part and quash in part Vause.
The state indicted Vause for first-degree premeditated murder (section 782.04, Florida Statutes (1979)), shooting at or into an occupied vehicle (section 790.19, Florida Statutes (1979)), and use of a firearm during commission of a felony (section 790.07, Florida Statutes (1979)). The jury convicted Vause of third-degree murder and of the other two counts as charged. On appeal the district court affirmed all three convictions. Relying on State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), however, the court reversed the sentences for everything but third-degree murder, finding shooting into a vehicle to be an element of the murder and use of a weapon during commission of a felony to be a lesser included offense of the murder.
We recently overruled Hegstrom and held that the underlying felony is not a lesser included offense of felony murder. State v. Enmund, 476 So.2d 165 (Fla. 1985). We hold, therefore, that the district court should not have reversed Vause's sentence for shooting into a vehicle.
We also recently held that the use of a firearm during the commission of a felony is not a necessarily lesser included *142 offense of first-degree murder. State v. Baker, 456 So.2d 419 (Fla. 1984). A review of subsections 782.04(4) and 790.07(2) demonstrates that it is possible to commit each of those crimes without necessarily committing the other because they contain different elements. See State v. Carpenter. Use of a firearm during commission of a felony, therefore, is not a necessarily lesser included offense of third-degree murder, and the district court should not have reversed the sentence for that conviction.
Accordingly, we quash the reversal of Vause's sentences for shooting into an occupied vehicle and for use of a firearm and direct that the district court affirm those convictions and sentences. We approve the remainder of Vause.
It is so ordered.
BOYD, C.J., and ALDERMAN and EHRLICH, JJ., concur.
SHAW, J., concurs in result only with an opinion.
ADKINS, J., concurs in result only.
OVERTON, J., dissents.
SHAW, Justice, concurring in result only with opinion.
I agree that section 790.19, Florida Statutes (1979), is not a lesser included offense of section 782.04, Florida Statutes (1979), and section 790.07, Florida Statutes (1979), is not a lesser included offense of 790.19. I agree also that the conviction and sentence for violating section 790.19 are proper.
I differ from the majority in two respects and write to express my rationale for concluding that the conviction and sentence here for shooting or throwing deadly missiles at, within, or into a vehicle used or occupied by any person is proper.[1] First, Vause fired three shots at the two vehicles, both of which were occupied. Two of these shots missed and form a proper basis for the conviction and sentence. My concurrence is based on this ground. Second, it is uncontroverted that the shot which did enter the vehicle in which the victim was riding was the (lethal) act which caused the homicide. This raises the question in my mind as to whether the legislature intends that there be convictions for both a homicide and the act which causes the homicide.
Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), and Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), make it clear with respect to cumulative sentences imposed in a single trial that the dispositive question is whether the legislature intended to authorize separate punishments for the two crimes, not merely whether the Blockburger[2] test is passed.
With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater *143 punishment than the legislature intended.
Hunter, 459 U.S. at 366, 103 S.Ct. at 678.
The Blockburger test is a "rule of statutory contruction," and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.
Albanez at 340, 101 S.Ct. at 1143.
Turning then to the critical question of legislative intent, did the legislature, in defining the various homicide offenses and the various potentially lethal criminal acts that can result in a homicide, intend that there be convictions on both the homicide and the act which caused the homicide? Every homicide is caused by some act. If the legislature intended to punish both the homicide and the lethal act, convictions of homicide would almost invariably be accompanied by at least one lesser conviction. I am persuaded that the legislature did not intend such result. In so concluding, I am influenced by the reasoning of Ball v. United States, ___ U.S. ___, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). In Ball, the defendant was charged, convicted, and sentenced for receiving a firearm shipped in interstate commerce and for possessing that firearm. Each of the two offenses contained an element the other did not have and thus met the Blockburger test. The Court recognized that while it was permissible to prosecute the two violations simultaneously, this was not to say that Congress intended two punishments and that the "assumption underlying the Blockburger rule is that Congress ordinarily does not intend to punish the same offense under two different statutes." Ball, 105 S.Ct. at 1672. The Court then reasoned that illegal receipt of a firearm necessarily included illegal possession of a firearm and that Congress knew this, and concluded that Congress did not intend two convictions for the same criminal act. Reasoning by analogy from Ball, I conclude that the legislative intent in statutorily prohibiting potentially lethal acts was to prevent both non-lethal and lethal injuries. However, when the prohibited act causes a homicide, "[t]he independent, but overlapping statutes simply are not `directed to separate evils' under the circumstances." Id. at 1673 (citations and footnote omitted). Thus, in my view, if petitioner had fired a single lethal shot at the vehicles, it would not have been proper to convict for both homicide and shooting at, within, or into an occupied vehicle. Technically, both offenses could be prosecuted, but the judge would be required to enter judgment only on the homicide if guilty verdicts were returned on both offenses. Pragmatically, however, it would make little sense to prosecute the lesser offense since "[t]he death of the victim is not in issue; it is an incontrovertible fact" and "[w]hether an aggravated assault occurred as part of a crime that culminated in the death of the victim is patently immaterial." Martin v. State, 342 So.2d 501, 502, 503 (Fla. 1977). I simply do not believe that the legislature intended, for example, that a criminal perpetrator who kills a victim by six gunshots be convicted of homicide and six counts of aggravated battery. I emphasize that my view on this issue of legislative intent is limited to statutorily proscribed acts which cause a death and do not cause non-lethal injuries to other persons. Multiple convictions and sentences are proper where the lesser crime (to homicide) is a separate offense under Blockburger and does not itself cause the death, as, for example, in sexual battery, robbery or burglary. See my concurring opinion in State v. Enmund, 479 So.2d 165 (Fla. 1985).
NOTES
[1] The full text of section 790.19 reads as follows:

790.19 Shooting into or throwing into or throwing deadly missiles into dwellings, public or private buildings, occupied or not occupied; vessels, aircraft, busses, railroad cars, streetcars, or other vehicles.  Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private bus or any trail, locomotive, railway car, caboose, cable railway car, street railway car, monorail car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship, or barge lying in or plying the waters of this state, or aircraft flying through the airspace of this state shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). As we now know from Ball v. United States, ___ U.S. ___, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985),

For purposes of applying the Blockburger test in this setting as a means of ascertaining congressional intent, "punishment" must be the equivalent of a criminal conviction and not simply the imposition of sentence.
Id. 105 S.Ct. at 1672. We have receded from State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), in State v. Enmund, 476 So.2d 165, (Fla. 1985) for other reasons. However, Ball makes clear that the distinction we drew in Hegstrom between a conviction and a sentence which treated a conviction as non-punishment would not stand up under careful scrutiny.