JORGENSON, Judge.
Guillermo Quinones appeals his conviction and sentence for conspiracy to traffic in cocaine. Only one issue merits discussion; however, we find no reversible error and, thus, affirm Quinones’s conviction and sentence.
At trial, Quinones and defense counsel had engaged in anticipatory rehabilitation by introducing and elaborating upon Qui-nones’s prior conviction for the jury.[1] The *47 following exchange took place between Quinones and his counsel:
Q Have you ever been convicted of a crime and if so, how many times?
A I was convicted of a crime only once.
Q And what was that crime?
A The fact of buying a pistol for my defense and the defense of my family.
Q Did you buy that weapon while you were under Information in this case and when you were charged with this case?
A Yes, sir.
Q And that’s the crime you were convicted of. Is that correct?
A Yes, sir.
During cross-examination, the prosecution made further inquiry regarding the admitted conviction:
Q Now, this crime which you have been convicted of, the reason you were charged and convicted of it, this crime, is when you went to purchase a gun, you had to fill out a form and swear that you were not under Information or Indictment at the time.
Isn’t that true, sir?
A It’s true, sir.
Q But, in fact, you were under an Information and Indictment at the time, weren’t you, sir?
A. It wasn’t Federal. It was State, because it was pertaining to this case.
It was due to this problem.
Q You were under Indictment at the time, weren’t you, sir?
A Yes, sir.
At this point, the state concluded its questioning concerning Quinones’s prior conviction.
Quinones claims that the trial court erred in permitting the state to cross-examine him about a prior conviction which he had admitted on direct examination. Although the Florida supreme court has approved the use of anticipatory rehabilitation by the defense to mitigate the harmful consequences of damaging facts “by explaining something about the nature or character of the damaging information,” Lawhorne v. State, 500 So.2d 519, 521 (Fla.1986), anticipatory rehabilitation may not be used as a “door-stop” to prevent the state from limited cross-examination concerning an accused’s prior convictions once defense counsel has opened the door. It is clear that defense counsel in this case chose to extend his questioning beyond the bare fact of Quinones’s prior conviction. Because counsel’s inquiry concerned the nature of the crime and the circumstances under which Quinones committed the crime, defense counsel opened the door to further questioning by the state. Leonard v. State, 386 So.2d 51 (Fla. 2d DCA 1980); Dodson v. State, 356 So.2d 878 (Fla. 3d DCA), cert. denied, 360 So.2d 1248 (Fla.1978). It is true that
[djuring cross-examination, counsel is normally not allowed to go further than he would have if he had brought up the matter first. However if during the attempt to explain away the prior conviction on direct examination, the witness attempts to minimize the conviction, cross-examination into the details of the conviction will be permitted.
C. Ehrhardt, Florida Evidence, § 610.6 (2d ed. 1984) (emphasis added). See also McCrae v. State, 395 So.2d 1145 (Fla.1980), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981). While Quinones’s responses on direct examination did not operate to conceal his prior conviction, his assertion that he bought a pistol out of a concern for his family’s defense gave a de minimis gloss to his federal firearms conviction. The state’s further inquiry into Quinones’s prior conviction was, therefore, proper.
We find no merit in the remaining two errors alleged. Accordingly, we affirm his conviction and sentence.
Affirmed.
FERGUSON, J., concurs.

. Anticipatory rehabilitation is used to "take the wind out of the sails” of an attack on a witness’s credibility. Bell v. State, 491 So.2d 537, 538 (Fla.1986). Through anticipatory rehabilitation, a testifying defendant may rehabilitate himself against anticipated impeachment by the state to the same extent as would be allowed on redirect following such impeachment by the state. Lawhorne v. State, 500 So.2d 519, 521 (Fla.1986).