374 So.2d 1086 (1979)
Albert WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-383.
District Court of Appeal of Florida, Second District.
August 29, 1979.
*1087 Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Albert Williams, appellant, was convicted of attempted sexual battery and sentenced to a term of thirty years in prison. The trial judge retained jurisdiction over the first one-third of the appellant's sentence, pursuant to Section 947.16(3), Florida Statutes (Supp. 1978). We affirm the appellant's conviction, but reverse the retention of jurisdiction by the lower court.
Section 947.16(3) enumerates various offenses and provides that when a criminal defendant is convicted of an enumerated offense, the trial judge may retain jurisdiction for the first one-third of the defendant's sentence. The obvious purpose behind the statute is to prohibit parole of a criminal defendant convicted of an enumerated offense, without the approval of the trial judge, until after that defendant has served the first one-third of the sentence imposed. While the statute expressly includes sexual battery as an enumerated offense, it makes no mention of "attempts." Therefore, the question raised by the present appeal is whether the trial judge may retain jurisdiction pursuant to Section 947.16(3) when the appellant was convicted of an attempt to commit an enumerated offense? We hold that Section 947.16(3) does not apply to attempts.
It is, of course, a well-established principle of statutory construction that when a statute expressly enumerates a list of included offenses, it impliedly excludes from its operation any offenses not expressly enumerated. See Thayer v. State, 335 So.2d 815 (Fla. 1976); Graham v. Azar, 204 So.2d 193 (Fla. 1967). Applying this principle, we find that the legislative intent was to limit the application of Section 947.16(3) to the expressly enumerated offenses, and not to extend the application of this section to attempts to commit those offenses.
*1088 The judgment is affirmed, but the retention of jurisdiction over the sentence pursuant to Section 947.16(3) is hereby stricken.
HOBSON, Acting C.J., and BOARDMAN and DANAHY, JJ., concur.