450 So.2d 545 (1984)
Levi WHITEHEAD, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1946.
District Court of Appeal of Florida, Third District.
April 24, 1984.
Rehearing Denied June 8, 1984.
Arthur B. Calvin, Miami, for appellant.
Jim Smith, Atty. Gen., and Penny H. Brill, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., DANIEL S. PEARSON, J., and ROBERT C. SCOTT, Associate Judge.
SCHWARTZ, Chief Judge.
Rejecting the defendant's primary contention on appeal from his conviction for second degree murder with a firearm over his claim of self-defense, we find no error and, even more certainly, no harm in the exclusion of the testimony of the persons involved in the incidents that the decedent had previously committed several violent acts, given the defendant's own undisputed testimony that these attacks had in fact occurred and that he was aware of them when he shot the victim.[1]Palm v. State, 135 Fla. 258, 184 So. 881 (1938); Smith v. State, 410 So.2d 579 (Fla. 4th DCA 1982), rev. denied, 419 So.2d 1200 *546 (Fla. 1982); Henry v. State, 290 So.2d 73 (Fla. 2d DCA 1974), and cases cited. The other points have no merit and require no discussion.
The defendant was sentenced to fifteen years subject to a three-year mandatory minimum term, pursuant to Sec. 775.087(2), Fla. Stat. (1981).[2] By cross-appeal, the state contends that, since a firearm was involved, the second degree murder conviction is reclassified by Sec. 775.087(1)(a), Fla. Stat. (1981),[3] from a first degree felony, Sec. 782.04(2), Fla. Stat. (1981), to a life felony, punishable by no less than thirty years. Sec. 775.082(3)(a), Fla. Stat. (1981). We disagree. While it is correctly argued that the use of a firearm is not an "essential element" of second degree murder per se, see Pedrera v. State, 401 So.2d 823 (Fla. 3d DCA 1981) (third degree murder), such a determination is required to invoke the application of Sec. 775.087(2). Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983) (jury finding that firearm involved required to impose three year minimum mandatory under Sec. 775.087(2)), following Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982) (jury finding that weapon involved required to enhance penalty under Sec. 775.087(1)). Since the prosecution below secured a jury verdict and a consequent three-year minimum sentence on this basis, we conclude that, under these circumstances, a "double" enhancement is not statutorily warranted.[4]
Affirmed.
DANIEL S. PEARSON, Judge, concurring in part; dissenting in part.
I disagree only with the majority's disposition of the State's cross-appeal. In my view, the jury's finding that the defendant committed the crime of second-degree murder with a firearm obligated the trial court to effectuate both prongs of Section 775.087, not, as the majority suggests, choose one or the other. Under subsection (1) of Section 775.087, the jury's finding required that the felony be reclassified from a felony of the first degree to a life felony and that the defendant be sentenced to no less than thirty years in prison; under subsection (2) of Section 775.087, the jury's finding required that the defendant be made ineligible for parole for three years of the sentence imposed. I see nothing in this statute evincing an intent on the part of the Legislature to make its independent provisions mutually exclusive. The reclassification provision makes every felony in which a weapon or firearm is used (except those in which such use is an essential element) a one-step higher crime, subject to greater punishment; the three-year minimum mandatory provision simply insures that in the case of certain described felonies  murder being one  in which a firearm is possessed, the person convicted *547 shall serve at least three years of his sentence before becoming eligible for parole, even if the overall sentence is greater because of the reclassification of the crime.
Accordingly, I would reverse the fifteen-year sentence and remand this cause to the trial court for the imposition of a sentence of either life imprisonment or a term of years not less than thirty, with the additional requirement that the defendant must serve three years of whichever sentence is imposed before becoming eligible for parole.
NOTES
[1] There was also extensive testimony from these witnesses and others concerning the victim's reputation for violence.
[2] Any person who is convicted of any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes, and who had in his possession a "firearm," as defined in subsection 790.001(6), or "destructive device," as defined in subsection 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 years. Notwithstanding the provisions of § 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole, prior to serving such minimum sentence.
[3] Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
[4] No previous case has, to our knowledge, directly determined the present issue. Cf. Strickland v. State, 415 So.2d 808 (Fla. 1st DCA 1982), aff'd, 437 So.2d 150 (Fla. 1983); Williams v. State, 407 So.2d 223 (Fla.2d DCA 1981).