460 So.2d 546 (1984)
Larry Donnell BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-407.
District Court of Appeal of Florida, First District.
December 13, 1984.
Michael E. Allen, Public Defender; P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Defendant appeals a sentence for second degree murder with a firearm. We affirm.
Defendant pled guilty to the above charge. At sentencing, the trial judge reclassified the crime as a life felony, pursuant to section 775.087(1), Florida Statutes, (1983), and imposed a 17-year sentence per the sentencing guidelines. A 3-year mandatory minimum sentence attributable to the use of a firearm was also imposed, pursuant to section 775.087(2), Florida Statutes (1983). Defendant relies on Whitehead v. State, 450 So.2d 545 (Fla. 3d DCA 1984), disc. rev. pending, Case No. 65,492, for the proposition that the reclassification to a life felony where defendant is also subject to a 3-year mandatory minimum sentence would constitute an impermissible double enhancement. We disagree and, in so doing, recognize that our decision conflicts *547 with the Third District Court of Appeal in Whitehead v. State, supra.
The court in Whitehead based its decision on the conclusion that both §§ 775.087(1) and 775.087(2) constitute a form of enhancement. The functions of the two subsections, however, have been distinguished by the Fourth District Court of Appeal in Blanton v. State, 388 So.2d 1271 (Fla. 4th DCA 1980), rev. denied, 399 So.2d 1140 (1981):
[I]t is clear that the two subsections of Section 775.087 serve two different functions. Subsection (1) provides for reclassification of a felony to a higher degree where a weapon or firearm was used and the use of the weapon has not already resulted in the offense being upgraded to a higher degree... . However, subsection (2) does not increase the punishment but rather provides for mandatory minimum imprisonment for a person who has been convicted of [a crime] while possessing a firearm.
388 So.2d at 1274. That distinction has been adopted by this court in Vause v. State, 424 So.2d 52, 56 (Fla. 1st DCA 1982) and by the fifth district in Perez v. State, 431 So.2d 274 (Fla. 5th DCA 1983). See also Aikens v. State, 423 So.2d 593 (Fla. 1st DCA 1982) (rejecting appellant's argument that subsections (1) and (2) are to be read in pari materia).
In addition to the distinction noted in Blanton v. State, supra, it would appear that the legislature did not intend the two subsections to be alternative methods of enhancement, as they are not addressed to congruent sets of crimes. Subsection (1) applies to all felonies while subsection (2) applies only to certain felonies named therein. This would indicate that the subsections were drafted to serve separate functions in deterring and punishing both the presence of firearms during the commission of felonies in general and the use of firearms at certain felonies.
Accordingly, appellant's sentence is AFFIRMED.
MILLS and WENTWORTH, JJ., concur.