464 So.2d 172 (1985)
John Wade CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1082.
District Court of Appeal of Florida, Second District.
January 23, 1985.
Rehearing Denied February 28, 1985.
*173 Robert P. Polli and Bennie Lazzara, Jr., of Bennie Lazzara, Jr., P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
John Wade Carter was adjudicated guilty of second-degree murder with a firearm and attempted second-degree murder with a firearm. He was sentenced pursuant to the sentencing guidelines to twenty-two years imprisonment for the murder charge and fifteen-years probation for the attempted murder. The sentences are to run consecutively. The court also imposed a minimum mandatory prison term of three years.
Defendant raises several points on appeal, all relating to the sentences imposed by the trial court. First, he argues that the trial court erred when it doubly enhanced his sentence for the murder charge by reclassifying and enhancing the crime from first-degree felony to a life felony, see section 775.087(1), and then imposing a three-year mandatory minimum sentence, see section 775.087(2). He relies on Whitehead v. State, 450 So.2d 545 (Fla. 3d DCA), petition for review granted, Case No. 65,492 (Fla. December 13, 1984), for the propostition that this is an impermissible double enhancement.
We disagree that the "double enhancement" here was impermissible. We agree with the First District's opinion in Brown v. State, 460 So.2d 546 (Fla. 1st DCA 1984). There, the court held that the legislature did not intend subsections (1) and (2) of section 775.087 to be alternative methods of enhancement. The court pointed out that subsection (1) applies to reclassification of all felonies, while subsection (2) provides for a mandatory minimum imprisonment only for certain felonies named therein. Thus, the two subsections serve separate functions in deterring and punishing both the presence of firearms during the commission of felonies in general and the use of firearms for the commission of certain specified felonies. See also Judge Pearson's dissenting opinion in Whitehead, 450 So.2d at 546. We recognize that our decision places us in conflict with the Third District's opinion in Whitehead.
Defendant also argues that the trial court erred in retaining jurisdiction over his sentence pursuant to section 947.16(3). We agree. The purpose of the statute is to prohibit parole of a criminal defendant without the approval of the trial judge until after that defendant has served a specified portion of his sentence. Williams v. State, 374 So.2d 1086 (Fla. 2d DCA 1979). However, parole is no longer available to the defendant because he was sentenced pursuant to the guidelines. § 921.001(8). Thus, the court erred in retaining jurisdiction over defendant's sentence. See Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984).
We reject all of the remaining points raised by defendant.
Accordingly, we strike the trial court's retention of jurisdiction but affirm defendant's judgment and sentences in all other respects.
DANAHY and SCHOONOVER, JJ., concur.