463 So.2d 480 (1985)
James HAWKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-685.
District Court of Appeal of Florida, Second District.
February 8, 1985.
*481 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Following a jury's conviction of the appellant for the crimes of sexual battery and burglary/assault, the trial court sentenced him to concurrent terms of sixty years imprisonment on each of a two count information and it retained jurisdiction over one-third of both sentences contrary to the provisions of Section 947.16(3), Florida Statutes (1983). The concurrent sentences were imposed pursuant to the sentencing guidelines. By operation of Section 921.001(8), Florida Statutes (1983), parole is no longer available to persons who are sentenced under the guidelines. Thus, the retention of jurisdiction, a practice which historically had relevance only when parole was available, is inappropriate. Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984).
We therefore strike the trial court's retention of jurisdiction but affirm the judgments and sentences in all other respects.
GRIMES, A.C.J., and SCHOONOVER, J., concur.