HENDRY, Judge.
Petitioner Willie Earl Lane filed this appeal pursuant to Rule 9.140(g), Florida Rules of Appellate Procedure, following the trial court’s summary denial of his motion for post-conviction relief. The state has filed a response. After careful consideration of the record before us, we affirm in part and vacate in part petitioner’s sentence.
Petitioner was charged by information with two counts of attempted first degree murder with a firearm and one count of unlawful possession of a firearm while engaged in a criminal offense. A jury found petitioner guilty as charged on all three counts. • Petitioner was sentenced, pursuant to section 775.087(1), (2), Florida Statutes (1979), for one count of attempted first degree murder to life imprisonment with the three year mandatory sentence before parole eligibility; he received a second, consecutive sentence of life imprisonment with the three year mandatory sentence for the second count of attempted first degree murder; sentence on count three was suspended. 406 So.2d 96. Petitioner challenges the double enhancement of his sentence, that is, the reclassification of the penalty for attempted first degree murder from a first degree felony to a life felony, plus the imposition of the three year mandatory minimum sentence. Petitioner’s argument has merit.
This court has already decided that (1) when the use of a firearm is not an essential element of the charged crime and (2) when the jury finds that a firearm was used in the commission of the charged crime, the trial court must select one of the two enhancement penalties provided by section 775.087, either reclassification of the felony status or imposition of the three year minimum sentence before parole eligibility. Whitehead v. State, 450 So.2d 545 *150 (Fla. 3d DCA 1984), pet. for review granted, no. 65,492 (Fla. Dec. 13, 1984). Since the use of a firearm is not an essential statutory element of attempted first degree murder, reclassification to a life felony is correct. Strickland v. State, 437 So.2d 150 (Fla.1983). § 775.087(1), Fla.Stat. (1979). However, on the authority of Whitehead v. State, we must reverse the imposition of the three year mandatory minimum sentence under section 775.087(2). We recognize that all other district courts of appeal within the state have held otherwise. See Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985); Brown v. State, 460 So.2d 546 (Fla. 1st DCA 1984).
The state has confessed error as to the imposition of the two, three year mandatory minimum sentences. The three year mandatory minimum sentence may be imposed only once; a trial court may not impose it for each count upon which a defendant is found guilty. Palmer v. State, 438 So.2d 1 (Fla.1983).
We affirm the consecutive life sentences imposed for both counts of attempted first degree murder. The two, three year mandatory minimum sentences are vacated and the cause is remanded to the trial court for correction of the sentence.
Affirmed in part, vacated in part and remanded.