PER CURIAM.
The appellant entered a plea of guilty to battery on a law enforcement officer. She was sentenced under the sentencing guidelines to five years imprisonment.
On appeal appellant raises three points. Her contention that the record fails to show that her selection to be sentenced under the guidelines was knowingly and intelligently made is rejected on the authority of Newsome v. State, 466 So.2d 411 (Fla. 2d DCA 1985); Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1985) [question certified]; Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984). We also find that the reasons given by the court for departing from the guidelines were legally clear and convincing.
However, we agree with appellant that the court erred in retaining jurisdiction over her sentence pursuant to section 947.-16(3), Florida Statutes (1983). The purpose of the statute is to prohibit parole of a criminal defendant without the approval of the trial judge until after that defendant has served a specified portion of his sentence. Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985); Williams v. State, 374 So.2d 1086 (Fla. 2d DCA 1979). Parole is no longer available to the appellant because she was sentenced pursuant to the guidelines. § 921.001(8), Fla.Stat. (1983). Thus, the court erred in retaining jurisdiction over appellant’s sentence. Carter v. State; Hawkins v. State, 463 So.2d 480 (Fla. 2d DCA 1985).
Accordingly, we strike the trial court’s retention of jurisdiction but affirm appellant’s judgment and sentence in all other respects.
GRIMES, A.C.J., and SCHEB and CAMPBELL, JJ., concur.