466 So.2d 424 (1985)
Charles HAYWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 84-85.
District Court of Appeal of Florida, Fourth District.
April 3, 1985.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
On information alleging shooting with a firearm, appellant/defendant Charles Haywood was convicted of second degree murder, and was adjudicated guilty. The degree of the crime was stated in the judgment as LF (= life felony). Haywood was sentenced to thirty years' imprisonment, with a three year mandatory minimum for possession of a firearm. Appeal was timely noticed. We affirm and find it necessary *425 to discuss only two of the issues raised by appellant.

I
The first issue is whether the trial court erred in enhancing appellant's conviction from second degree murder, a first degree felony, to a life felony with a minimum penalty of thirty years, while also applying the minimum mandatory sentence for possession of a firearm while committing a particular felony.
Section 775.087, Florida Statutes (1983), is in pertinent part as follows:
775.087 Possession or use of weapon; aggravated battery; felony reclassification, minimum sentence. 
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes ...
... .
and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence.
This statute makes mandatory both reclassification of second degree murder, which is a first degree felony, to a life felony, if a firearm was involved in the commission of the offense, and imposition of a minimum three year sentence when the defendant possessed a firearm during commission of a stated felony.
Appellant says that the statute does not authorize double enhancement, citing Whitehead v. State, 450 So.2d 545 (Fla. 3d DCA 1984). Whitehead appears to be the first case addressing the issue of whether section 775.087(1) and (2) may both be applied to the same offense. In Whitehead the state cross appealed because the court had not enhanced the second degree felony and had applied a sentence shorter than the minimum sentence for a life felony while the minimum three year sentence under section 775.087(2) had been imposed. The majority supported what the trial court had done. Judge Pearson dissented on this issue, saying he could find nothing in the statute to suggest the legislature's intent to make the two subsections mutually exclusive. He went on to say that the second provision merely assured that in the particular circumstances the convicted felon must serve at least three years before he can become eligible for parole.
We believe Judge Pearson was correct. The second district faced the same issue recently in Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985), and the first district faced it just shortly before in Brown v. State, 460 So.2d 546 (Fla. 1st DCA 1984). Both of these courts noted that whereas section 775.087(1) requires reclassification of all felonies if use of a firearm is involved, section 775.087(2) applies the mandatory minimum sentence to a selected list of felonies. This fact led these courts to agree with Judge Pearson that these are *426 two independent enhancements, not intended as alternatives, which in the appropriate case can both apply. We expressly acknowledge conflict with the third district.
Although the trial judge here referred to the thirty year sentence as mandatory, he was not requiring that appellant serve the full term. What he evidently meant to say is merely that he could not under the statutes sentence Haywood to less than thirty years for a life felony. Use of the word "mandatory" is not reversible error, as appellant suggests, because the trial judge meant that the thirty year sentence was "mandated."

II
The second issue is whether the trial court erred in giving a jury instruction on flight after the defense objected that the instruction constituted a comment on the evidence.
Appellant contends that it was error for the trial court to give the instruction on flight. He claims the instruction has been omitted from the standard instructions because it improperly comments on the evidence, and maintains that this court in Jackson v. State, 435 So.2d 984 (Fla. 4th DCA 1983), supports his contention. Actually, in what amounted to dictum, former Judge Beranek said in Jackson that he could not quite figure out why the instruction on flight was not an improper comment on the evidence, while noting there was a goodly amount of case law that did not find it so.
Given supreme court cases, admittedly predating the dropping of the instruction on flight from the standard jury instructions, e.g., Proffitt v. State, 315 So.2d 461 (Fla. 1975), which approve this instruction; district court cases in the same vein, e.g., Batey v. State, 355 So.2d 1271 (Fla. 1st DCA 1978); and no supreme court case disapproving use of the instruction, we do not think this court should attempt to break new ground on this question.
The instruction given was as follows:
Flight is considered to exist when an accused departs from the vicinity of the crime under circumstances such as to indicate a sense of fear or of guilt or to avoid arrest, even before the Defendant has been suspected of the crime.
Flight is only a circumstance of guilt which you should consider and weigh if you so find evidence of flight by the Defendant in connection with all the other evidence in the case and give it such weight as, in your judgment, it is fairly entitled to received [sic].
We do not see this instruction as unduly influencing a jury to conclude appellant fled out of a sense of guilt or to give undue weight to the fact that he left the scene of the crime. To us, the instruction says to a jury what flight is, and that it is all right, if the jury finds there was flight, to take that fact into account together with all the other evidence. Without such an instruction, it seems to us just as likely a jury might find flight where there was none and to give it too much weight as it is that they would not consider flight at all and give it no weight.
AFFIRMED.
HERSEY and BARKETT, JJ., concur.