470 So.2d 764 (1985)
STATE of Florida, Appellant,
v.
James Henry SMITH, Appellee.
No. 84-1545.
District Court of Appeal of Florida, Fifth District.
May 30, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Judge.
The State appeals from the sentence imposed on defendant contending that such sentence is illegal.[1] We vacate the sentence and remand for resentencing.
Charged by indictment with first degree murder in the April 24, 1983 shooting death *765 of Willie Mills, defendant pleaded guilty to second degree murder with a firearm and the plea was accepted by the court. At the sentencing hearing, defendant elected to be sentenced under the sentencing guidelines, and based on a scoresheet total of 190 points, the trial court sentenced him to imprisonment for 17 years, the maximum in the permitted range, and imposed the three year minimum mandatory period provided by section 775.087(2), Florida Statutes (1983).
Second degree murder is a felony of the first degree, § 782.04(2), Fla. Stat. (1983), and when committed with a firearm, is reclassified as a life felony. § 775.087(1)(a), Fla. Stat. (1983); Strickland v. State, 437 So.2d 150 (Fla. 1983). This reclassification provision applies even when the defendant is convicted of a lesser included offense rather than the crime expressly charged, when there is a finding that a firearm was used or possessed in the commission thereof. State v. Smith, 462 So.2d 1102 (Fla. 1985). The State correctly asserts that the sentencing guidelines do not apply to life felonies committed prior to October 1, 1983. Section 921.001(4)(a), Florida Statutes (1983) states:
The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
Thus it appears that the guidelines do not apply, and that defendant should have been sentenced under section 775.082(3)(a), Florida Statutes (1983) which provides:
A person who has been convicted of any other designated felony may be punished as follows:
(a) For a life felony committed prior to October 1, 1983, by a term of imprisonment for life or for a term of years not less than 30 ...
Defendant asserts, and the State does not disagree, that if not sentenced under the guidelines, defendant would be eligible for parole consideration under section 947.16(1), (2)(g)(3), which provides that:
(1) Every person who has been, or who may hereafter be, convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in execution of the judgment of the court, and whose record during confinement or while under supervision is good, shall, unless otherwise provided by law to be ineligible for parole, be eligible for consideration for parole interview as follows:
* * * * * *
(g)(3) An inmate serving a mandatory term of 15 years or more shall have an initial interview no sooner than 18 months prior to the expiration of the mandatory minimum portion of the sentencing.
This assertion appears correct, but is a matter for implementation by the Parole Commission, and not the trial court. Our function is served by the holding that in this case, the guidelines do not apply.
One other matter is in dispute. Defendant contends that since the crime is already reclassified to a life felony by section 775.087(1), the court may not impose the three year minimum mandatory sentence required by section 775.087(2), because to do so would constitute an impermissible double enhancement. He relies on Whitehead v. State, 450 So.2d 545 (Fla. 2d DCA 1984), review granted, No. 65,492 (Fla. Dec. 13, 1984), which held that in a conviction for second degree murder with a firearm, the court could either enhance the crime under section 775.087(1) or impose the minimum mandatory sentence provided for by section 775.087(2), but could not do both.
The same issue was before the court in Brown v. State, 460 So.2d 546 (Fla. 1st DCA 1984), and there the court reached the opposite result. Citing to cases such as Perez v. State, 431 So.2d 274 (Fla. 5th DCA 1983), approved, State v. Perez, 449 So.2d 818 (Fla. 1984), and Blanton v. State, 388 So.2d 1271 *766 (Fla. 4th DCA 1980), rev. denied, 399 So.2d 1140 (Fla. 1981), the Brown court concluded that subsections (1) and (2) of section 775.087 each serve a different purpose. Subsection (1) provides for reclassification of the crime to a higher degree, while subsection (2), not increasing the punishment, provides for a minimum period the defendant must serve after conviction of the specified crime while possessing or using a firearm. We approved the distinction between the two subsections in Perez, and we agree with the conclusion of Brown that these subsections are not alternative methods of enhancement, but operate independently of each other. Therefore, the trial court correctly imposed the minimum mandatory sentence while also reclassifying the crime. See also Haywood v. State, 466 So.2d 424 (Fla. 4th DCA 1985); Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985).
Because defendant should have been sentenced under section 775.082(3)(a) without regard for the guidelines, we vacate the sentence and remand for resentencing. The minimum mandatory term of imprisonment required by section 775.087(2) shall apply. We certify this decision to be in conflict with Whitehead v. State, supra.
SENTENCE VACATED and REMANDED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] Section 924.07, Florida Statutes (1983):

The State may appeal from:
* * * * * *
(5) The sentence, on the ground that it is illegal. See also, Florida Rule of Appellate Procedure 9.140(c)(1)(I).