470 So.2d 864 (1985)
Jessie WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1829.
District Court of Appeal of Florida, Second District.
June 14, 1985.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant appeals his convictions and sentences for first degree burglary and grand theft. We strike the retention of jurisdiction provision of defendant's burglary sentence but otherwise affirm.
The trial court retained jurisdiction over defendant's burglary sentence pursuant to section 947.16(3), Florida Statutes (1983). The purpose of the retention statute is to prohibit the parole of a defendant without the trial judge's approval until after the defendant has served a specified part of his sentence. Williams v. State, 374 So.2d 1086 (Fla.2d DCA 1979). Parole, however, is not available to defendant because he was sentenced pursuant to the sentencing guidelines. § 921.001(8), Fla. Stat. (1983). Thus, the trial court erred in retaining jurisdiction over defendant's sentence. Emory v. State, 463 So.2d 1242 (Fla.2d DCA 1985); Hawkins v. State, 463 So.2d 480 (Fla.2d DCA 1985); Carter v. State, 464 So.2d 172 (Fla.2d DCA 1985).
DANAHY, A.C.J., and CAMPBELL and HALL, JJ., concur.