PER CURIAM.
Appellant appeals his conviction and sentence for attempted murder after entry of a guilty plea.
Appellant first alleges that the record does not establish that his plea was voluntarily entered with full knowledge of its consequences. One of his allegations is that he may not have had the mental capacity to understand the nature of the plea and its consequences. Appellant had, shortly before entry of his plea, been found competent to stand trial after a mental evaluation for that purpose. He has not demonstrated to this court any prejudice, neither has he filed a motion below to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, *248 without prejudice, to appellant filing a motion below seeking any relief to which he may demonstrate entitlement.
Appellant also alleges the trial court erred in sentencing him outside the recommended guidelines range. The trial court’s order setting forth reasons for departure contains sufficient, valid reasons to justify departure.
Finally, appellant argues that the trial court erred in retaining jurisdiction over one-third of his sentence. We agree. Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985). Accordingly, on remand, the trial court shall enter an amended judgment and sentence deleting the retention of jurisdiction.
Affirmed and remanded with instructions.
RYDER, C.J., and CAMPBELL and LE-HAN, JJ., concur.