PER CURIAM.
We vacate appellant’s sentences and remand for resentencing because the trial court failed to comply with sentencing guidelines requirements.
Appellant pled guilty to several crimes, and his guidelines scoresheet established a guidelines sentence of seven to nine years’ incarceration. The court announced its intention to depart from the guidelines. A check list of aggravating circumstances was utilized by the court. Eleven aggravating factors were checked. At the sentencing hearing there was no recital or discussion of the facts and circumstances surrounding the crimes; neither did the trial judge announce or recite his reasons for departing from the guidelines.
The use of a check list of reasons for departure may not automatically compel reversal. See Williams v. State, 471 So.2d 630 (Fla. 1st DCA 1985). However, the reasons checked must find their bases in the facts and circumstances surrounding the crime or the accused. Brooks v. State, 466 So.2d 1182 (Fla. 1st DCA 1985). In our case, we have no way of determining whether the factors checked have any support because there was no discussion of the crimes or the aggravating factors checked by the trial court. This deprived appellant of any opportunity to object to or refute the reasons given for departure. In these circumstances, the use of a check list of aggravating circumstances requires us to vacate appellant’s sentences and remand for a new sentencing hearing.
We further note that because sentencing was under the guidelines, the trial court erred in retaining jurisdiction over any part of appellant’s sentences. See Williams v. State, 470 So.2d 864 (Fla. 2d DCA 1985).
Finally, the court imposed three-year minimum mandatory sentences for all crimes pursuant to section 775.087(2), Florida Statutes (1983). Our reading of the record causes us to question whether all crimes charged were eligible for such treatment. See Peck v. State, 425 So.2d 664 (Fla. 2d DCA 1983). The trial court should revisit this matter on remand.
We find no merit to appellant’s contention that the colloquy between his counsel and the court did not effect an affirmative selection to be sentenced under the guidelines for the burglary for which probation was revoked. All other offenses occurred subsequent to October 1, 1983, *1067 and affirmative selection was not required. See § 921.001(4)(a), Fla.Stat. (1983).
Appellant’s sentences are VACATED, and this case is REMANDED for resen-tencing proceedings consistent with this opinion.
GRIMES, A.C.J., and OTT and FRANK, JJ., concur.