478 So.2d 401 (1985)
Michael BEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-289.
District Court of Appeal of Florida, Second District.
November 1, 1985.
Rehearing Denied November 19, 1985.
J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Assistant Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.

REVISED OPINION
FRANK, Judge.
The appellant, Michael Beal, after pleading nolo contendere to the charge of aggravated child abuse, was adjudicated guilty and sentenced outside the sentencing guidelines to fifteen years of imprisonment. A separate document setting forth the written reasons for departure was not prepared by the trial court. Rather, the trial court's reasons for departure were stated at the sentencing hearing and embodied in the transcript. In Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984), and in subsequent decisions, we condoned that practice deeming it to be sufficient compliance with Rule 3.701(d)(11) of the Florida Rules of Criminal Procedure. In the face of the supreme court's decision in State v. Jackson, 478 So.2d 1054 (Fla. 1985), construing Rule 3.701(d)(11) to require a self-contained document setting forth the reasons for departure, the mere incorporation of the trial court's grounds for departure in the sentencing transcript will not fulfill the rule's objective.
We also find error in the trial court's failure to conform its written order of judgment and sentence to that which was expressed at the sentencing hearing. The state requested at the hearing that the appellant be sentenced as a habitual offender. The trial court denied the request for the reason the appellant did not fall within the purview of the habitual offender *402 statute. § 775.084, Fla. Stat. (1984). Moreover, the trial court said nothing at the sentencing hearing relative to the retention of jurisdiction. In spite of the foregoing, the written order of judgment and sentence entered by the trial court adjudged the appellant an habitual offender and retained jurisdiction over one-third of his sentence. A written judgment and sentence must not vary from the oral pronouncement of judgment and sentence. Bogan v. State, 462 So.2d 115 (Fla. 2d DCA 1985); Alphonse v. State, 430 So.2d 538 (Fla. 2d DCA 1983). Thus, the trial court erred by entering a written order inconsistent with its utterances at the sentencing hearing.
The trial court further erred by attempting to retain jurisdiction over the appellant. The appellant was sentenced pursuant to the guidelines notwithstanding the trial court chose to depart from the recommended range. Prior to enactment of the sentencing guidelines, the purpose of retaining jurisdiction was to prohibit parole of a criminal defendant without the approval of the trial judge until after the defendant had served a specified portion of his sentence. Senczyszyn v. State, 467 So.2d 1044 (Fla. 2d DCA 1985). Under the sentencing guidelines, however, parole is no longer available. § 921.001(8), Fla. Stat. (1983). Thus, the retention of jurisdiction over a guidelines sentence has no purpose and constitutes reversible error. Kennedy v. State, 475 So.2d 247 (Fla. 2d DCA 1985); see also Barr v. State, 473 So.2d 25 (Fla. 2d DCA 1985); Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985).
Accordingly, on remand, the trial court is directed to resentence the appellant consistent with this opinion.
GRIMES, A.C.J., and OTT, J., concur.