EHRLICH, Justice.
This case is before us for review of a decision in direct and express conflict with decisions of other district courts, e.g., Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985); Brown v. State, 460 So.2d 546 (Fla. 1st DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash in part the decision below, Lane v. State, 469 So.2d 148 (Fla. 3d DCA 1985).
Lane was convicted of two counts of attempted first-degree murder and possession of a firearm during commission of a criminal offense. The trial judge reclassified the attempted murder convictions to life felonies because a firearm was used, pursuant to section 775.087(1), Florida Statutes (1979), and he imposed consecutive terms of life imprisonment. The judge also imposed a minimum mandatory three-year sentence on each attempted murder count pursuant to section 775.087(2) for the use of the firearm. Sentence for the firearm conviction was suspended. Relying on its decision in Whitehead v. State, 450 So.2d *587 545 (Fla. 3d DCA 1984), the district court held that the trial judge could not “doubly enhance” the sentence by both reclassification and imposition of the three-year minimum mandatory sentence. The court also noted that had the minimum mandatory sentence been proper, only one such sentence could be imposed, based on this Court’s decision in Palmer v. State, 438 So.2d 1 (Fla.1983).
We rejected the Third District’s position on “double enhancement” in State v. Whitehead, 472 So.2d 730 (Fla.1985), and its decision on the Whitehead issue in this case is likewise incorrect.
The state does not specifically challenge the dicta in the instant decision that Palmer bars imposing more than one minimum mandatory sentence for convictions arising from a single criminal episode. However, we note that Palmer expressly permits concurrent minimum mandatory sentences, 438 So.2d at 4, and Lane’s request for relief below on this issue merely challenges the imposition of consecutive minimum mandatory sentences. In its brief on the merits to this Court, the state requests that the decision “be quashed and the original sentence be reimposed, subject to the correction thereof due to” Palmer. On remand, we anticipate that a correction consistent with Palmer and Lane’s request for relief will be made.
Accordingly, we quash the decision below to the extent it conflicts with our decisions and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, MCDONALD, SHAW and BARKETT, JJ., concur.