RYDER, Judge.
We write today about not only another sentencing guidelines departure case but about what we fear we perceive is the beginning of a second generation of sentencing guidelines departure cases. At the very least, this is the second occasion we deal with the issue of departure in the same case. After our first reversal herein, 477 So.2d 1065, the trial court resentenced Lambert and departed from the recommended sentence under the guidelines. This time, from the record before us, we must reverse as the trial judge erred in failing to provide written reasons for his departure. State v. Jackson, 478 So.2d 1054 (Fla.1985). We are not able to, as appellant would have us do, analyze the trial court’s oral pronouncements of reasons for departure because appellant has brought to us an incomplete record. The record does not contain the sentencing guidelines scoresheet. If the trial court’s third attempt at sentencing is not a charm, defense counsel is admonished to file a complete record.
For the trial court’s edification, the Second District Court of Appeal finds the following cases particularly controlling in the instant case. Vanover v. State, 498 So.2d 899 (Fla.1986); Hendrix v. State, 475 So.2d 1218 (Fla.1985); Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986); Reid v. State, 488 So.2d 913 (Fla. 2d DCA 1986); Teehan v. State, 488 So.2d 132 (Fla. 3d DCA 1986); and Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1985).
Reversed and remanded for resentenc-ing.
SCHEB, A.C.J., and HALL, J., concur.