LEHAN, Judge.
Defendant appeals his convictions and sentencing for grand theft and dealing in stolen property.
We reverse the conviction for grand theft. The trial court orally adjudicated defendant guilty of only dealing in stolen property. See Beal v. State, 478 So.2d 401 (Fla. 2d DCA 1985).
We also reverse and remand for resentencing because, as explained below, the scoresheet total was incorrectly calculated. Defense counsel’s failure to object at sentencing does not foreclose appellate review. See State v. Whitfield, 487 So.2d 1045 (Fla.1986).
Since, as we have said, defendant should not have been adjudicated guilty of grand theft, it was error to include three points on the scoresheet for that conviction. It was error to include 75 points under Section III-B for prior Category 6 offenses. As defendant argues, the scoresheet itself shows that defendant had only three prior *563 felony convictions. Thus, out of the fifteen prior convictions scored as prior Category 6 offenses, only three could have been felonies. The others must have been misdemeanors, and it is improper to calculate prior misdemeanor convictions as same category offenses. Knight v. State, 501 So.2d 150, 153 (Fla. 1st DCA 1987). Accordingly, instead of 75 points under Section III-B, defendant should have received under that section only fifteen points (three felonies times five points). After these corrections, defendant’s scoresheet apparently should total 118 points, which would result in a recommended sentence of five and one-half to seven years instead of the twelve to seventeen years used by the trial court in sentencing defendant to twelve years.
Reversed and remanded for resentencing in accordance with this opinion.
CAMPBELL, A.C.J., and FRANK, J., concur.