JOANOS, Chief Judge.
This appeal is taken from the denial of appellant’s motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. The motion claims entitlement to relief from the retention of jurisdiction over one-third of a sixty-year sentence, based on an assertion that the trial court lacks jurisdiction to retain jurisdiction. We affirm.
Appellant was sentenced on April 15, 1981, in Leon County Circuit Court, to a 60-year term for the offenses of sexual battery and burglary of a dwelling. The trial court retained jurisdiction over one-third of the sentence. Appellant maintains that under the law in effect when he was sentenced, only the original circuit court judge was authorized to retain jurisdiction over a defendant’s sentence. Since the judge who imposed sentence upon appellant left Leon County Circuit Court to become a member of this court several months after appellant filed a prior motion for post-conviction relief, appellant reasons that no other judge is authorized to retain *1200 jurisdiction over his sentence. The motion was denied for failure to set forth any reasons upon which relief could be granted. In a separately filed motion to disqualify judge, appellant seeks disqualification of the judge who originally imposed sentence and retained jurisdiction over a portion of that sentence.
The theory underlying appellant’s jurisdictional challenge seems to be the changes effected in section 947.16(3)(c), Florida Statutes (1981), by the 1982 amendments to the statute. The pertinent language of the 1981 version provides:
In such cases of retained jurisdiction, the commission, within the time requirements of s. 947.17(4), shall send notice of its release order to the original sentencing court and to the appropriate state attorney. Such notice shall stay the time requirements of s. 947.17(4). (Emphasis supplied.)
The 1982 version of section 947.16(3)(c) provides:
In such cases of retained jurisdiction, the commission, within 30 days of the final parole interview, shall send notice of its release order to the original sentencing judge and to the appropriate state attorney. If the original sentencing judge is no longer in service, such notice shall be sent to the chief judge of the circuit in which the offender was' sentenced. The chief judge may designate any circuit judge within the circuit to act in the place of the original sentencing judge. Such notice shall stay the time requirements of s. 947.174.
The purpose of the statute is to prohibit parole of a criminal defendant convicted of an enumerated offense without the prior approval of the trial judge, until after the defendant has served a specified part of his sentence. Williams v. State, 470 So.2d 864 (Fla. 2d DCA 1985); Senczyszyn v. State, 467 So.2d 1044 (Fla. 2d DCA 1985); Williams v. State, 374 So.2d 1086 (Fla. 2d DCA 1979). Such retention of jurisdiction is exercised by the sentencing court in its generic sense, and is not personal to the judge who imposed sentence. The interpretation urged by appellant would lead to an absurd result, in derogation of one of the basic tenets of statutory construction.
Because appellant has failed to present any basis upon which relief may be granted, the order denying the motion for post-conviction relief is affirmed. The motion to disqualify judge is denied as moot.
WIGGINTON and BARFIELD, JJ„ concur.