THOMPSON, Judge,
concurring specially.
I agree that the case should be remanded to the trial court because the petitioner’s sentence is illegal. To save judicial labor, I add these comments to alert the trial judge *128 and trial counsel to the appropriate sentence if petitioner is resentenced.
The petitioner entered a plea and was sentenced for second degree murder; a felony of the first degree punishable by a term of years not exceeding life. § 782.04(2), Fla. Stat. (1993). Because a firearm was used, the penalty was reclassified to a life felony. § 775.087(1)(a), Fla.Stat. (1993). The maximum penalty that can be imposed for a life felony is a term of life or a term of imprisonment not to exceed 40 years. See State v. Smith, 470 So.2d 764 (Fla. 5th DCA 1985). In this case, petitioner was sentenced to 90 years in the Department of Corrections. Upon remand, the trial court can sentence petitioner to a term of life or a sentence in the DOC not to exceed 40 years. The fact that petitioner agreed to an illegal sentence of 90 years is irrelevant. The trial court has no authority to enter an illegal sentence even with the petitioner’s acquiescence. See Dyer v. State, 629 So.2d 285 (Fla. 5th DCA 1993) (even though a plea is entered pursuant to a valid plea agreement, a sentence which exceeds the statutory maximum is illegal and must be corrected).
Because this sentence was the result of a negotiated plea, upon remand the petitioner should be allowed to withdraw his plea or the state may elect to adopt the same plea bargain .with the illegal sentence corrected. See, e.g., Forbert v. State, 437 So.2d 1079 (Fla.1983).